### Loyal C. Kellogg v. Lyman Putnam and others.

The Supreme Court will not reverse an order or decree in chancery for a mere irregularity not affecting injuriously the interests of the appellants.

The proper course for a party conceiving himself aggrieved by an irregularity in proceedings in chancery, is to apply to that Court for relief upon showing that he has or will sustain injury therefrom; and if this application is denied, to appeal to the Supreme Court thereafter.

Where a suit in chancery is brought to a hearing, and interlocutory decree is made in complainant's favor, and the Court orders a reference to a commissioner to compute the amount on a basis fixed by the interlocutory decree, and no inquiry into facts is to be had on the reference, the defendant is not entitled to notice of filing and confirmation of the report, or of hearing thereon.

*Heard April 9th. Decided May 30th.*

Appeal from the Kalamazoo Circuit in Chancery.

The bill was filed to foreclose a mortgage. The defendants answered, setting up payment and other defenses. On May 23, 1862, the cause was brought to a hearing,

and the Court made an interlocutory decree, adjudging the whole amount of the mortgage to be owing to complainant, as claimed by his bill, and referring the cause to a Circuit Court Commissioner to report the amount. The Commissioner on the next day issued his summons for a hearing on the reference May 29th, and this summons was duly served on the solicitor for defendants, who, however, did not attend. On the 29th the Commissioner reported his computation of the amount due, which was filed the same day, and a common order entered that it stand confirmed unless cause to the contrary was shown in eight days. Without waiting for this time to elapse, complainant at once entered up final decree. Defendants appealed, alleging as error in the proceedings, that they were entitled to notice of the filing of the report before it could be confirmed; that it must be confirmed before a final decree could be founded thereon; and that final decree could not be taken without notice to defendants. *Comp. L.* § 3500.

*Hughes & Wooley*, for complainant.

*C. I. Walker*, for defendants.

MARTIN CH. J.:

When an order or decree of the Circuit Court in Chancery is brought by appeal to this Court, we are required to examine all errors that may be assigned or found in such order or decree, and have power to reverse, affirm or alter such order or decree, and to make such other order or decree therein as shall be just. The error alleged in this case is at most but an irregularity, in no way, as we can see from the case, affecting the rights of the defendant, or the merits of the case. We are not inclined to entertain appeals for such causes. The true and proper course is for the party conceiving himself aggrieved to apply to the Court below for redress, upon

11 MICH.—W.

showing that he has or will sustain injury, if the decree stands; and if aggrieved by the order of the Court upon such application, to appeal therefrom to this Court.

We do not think that, without strong showing of cause, we should reverse a decree like that before us, where it is apparent that an absolute injury to the complainant, without any possible benefit to the defendant, would result. A reversal by this Court for a technical error would not be just. The decree must be affirmed.

CAMPBELL J.:

The case below having been noticed for final hearing, the Court referred it to a Master simply to make a computation on a basis established by the order of reference, and in such a manner as to leave no room for the admission of testimony, or any other inquiry. It was a mere substitution of the Master for the Court in a matter of convenience involving no discretion, and the Court could have determined the result for itself, and could not have arrived at a different result with an ordinary knowledge of the rules of arithmetic. It is evident no reference in the ordinary sense was designed, and the order contemplated on its face an immediate report and decree on the computation. For this reason, I think no error was committed in giving an immediate decree. Had the reference involved any inquiry into facts, I think the statutory right to notice would have existed.

MANNING and CHRISTIANCY JJ. concurred in both opinions.

*Decree affirmed.*