## Michigan Insurance Company v. Gideon O. Whittemore and others.

*Appeal in chancery: reversal of decree for irregularity.* — A decree in chancery will not be reversed for an error in no wise affecting injuriously the interests of the party appealing.*

*Motion to set aside decree.* — On a motion to set aside a decree for irregularity the affidavits should show that the party is injured by the irregularity.

*Foreclosure: when reference unnecessary as to defendants defaulted.* — Where, in a foreclosure case, the bill is taken as confessed by a part of the defendants, the evidence taken on the issue as to the others is evidence as to those who are defaulted; and a reference to take separate proofs as to them, covering the same ground, is unnecessary.

* See *Kellogg v. Putnam,* 11 *Mich.* 344; *Martin v. McReynolds,* 6 *Mich.* 70 ; *Warner v. Whittaker,* 6 *Mich.* 133 ;    *Griggs v. Detroit & Milwaukee Railway Co.* 10 *Mich.* 167.

MICHIGAN INSURANCE COMPANY *v.* WHITTEMORE.

*Notice in chancery, when not necessary.* — Where such a reference was had without necessity, it was held that notice of the reference to the defendants who had appeared was not requisite. Kellogg v. Putnam, 11 Mich. 344.

*Heard July 6th. Decided July 15th.*

Appeal in chancery from Wayne Circuit.

The bill was filed to foreclose a mortgage given by Gideon O. Whittemore to complainants. Charles H. Whittemore was made a defendant, among others, as subsequent purchaser. The bill was taken as confessed by all the defendants except said Charles H. Whittemore, who answered, contesting the validity of the mortgage, and the case as to him was heard on pleadings and proofs. In addition to the amount of the mortgage, complainants claimed to recover certain moneys paid for insurance on the mortgaged property, and proof was taken to show the amount. April 27, 1863, the Circuit Judge, in the absence of defendant's counsel, announced his decision in the case in favor of complainants, and complainants' solicitor thereupon entered a common order, reciting the pro confesso as to all the defendants except Charles H. Whittemore, and referring the cause to a circuit court commissioner to compute the amount due. The reference was had the same day; the commissioner took proofs of the insurance moneys paid, and included the same as a part of the sum due. On April 29th, 1863, his report was filed and confirmed, and decree entered. No notice of this order of reference and the proceedings under the same, or of the report and its confirmation, or of the decree, was given to the solicitor for defendant Charles H. Whittemore; and on filing affidavit of that fact, and that said solicitor had no knowledge of these proceedings until June 11th following, a motion was made to set aside the decree for irregularity. The Circuit Court denied the motion, and defendant Charles H. Whittemore appealed.

*C. I. Walker, A. B. Maynard* and *M. L. Drake,* for appellant :

Under .the statute — *Comp. L.* § 3500 — and rule 79, defendant was entitled to notice of the order of reference, the hearing before the commissioner, the filing of the report, and of the final decree. This is matter of strict right, and even if it was apparent that it could not, by any possibility, be injurious to us, we should still be entitled to have the decree set aside, and the case opened: *Jenny v. O'Flynn,* 5 *Mich.* 215 ; *Martin v. McReynolds,* 6 *Mich.* 75 ; *Kellogg v. Putnam,* 11 *Mich.* 344.

The reference was for something more than mere computation. Proof of the amount of insurance was taken, which defendant had a right to controvert. He was also entitled to rely upon the established usage of the court — that no *final* decree would be rendered until after a reference to the commissioner for a computation of the amount due, and notice thereof to himself ; and he was not bound to anticipate or look for such decree until this had been done. Relying on such practice, he was in this case deprived of all right of appeal from the original decree.

*S. D. Miller,* and *G. V. N. Lothrop,* for complainant :

The reference was unnecessary : — 2 *Scam.* 545 ; 9 *Port.* 75 ; 11 *Mich.* 344. And want of notice of it could constitute no ground of complaint on the part of C. H. Whittemore. But the statute in regard to notice is not to be construed literally. Its purpose is, simply, to prevent undue advantage by *ex parte* proceedings.

But whether the Court below erred or not, the question presented involved simply the discretionary power of the Court, and will not be re-examined here : — 14 *How.* 1 ; 2 *How.* 240 ; 16 *Wend.* 369 ; 18 *Wend.* 350.

MICHIGAN INSURANCE COMPANY *v.* WHITTEMORE.

MANNING J.:

No reference was necessary in the case. The Court might have computed the amount due and rendered a final decree without it. The bill had been taken as confessed against three of defendants, and on the hearing against the other defendant all of the facts necessary to a final decree were before the Court, in the pleadings and proofs. The order of reference appears to have been entered under a supposition that it was necessary to render the proceedings regular against the parties who had not appeared. It is a common order, and recites that the bill of complaint had been taken as confessed against three of defendants, naming them, and orders a reference to a circuit court commissioner to compute the amount due on the bond and mortgage. Evidence was taken by the commissioner of the amount paid for insurance. But this was unnecessary, as there was proof of the same fact before the Court on the hearing. The evidence taken in the cause before the hearing was evidence against all of the defendants — against those who had not appeared as well as against the defendant who had. If we are correct in these views, then the reference was not one requiring notice to the opposite party, and there was no irregularity in the complainants' proceedings. See *Kellogg v. Putnam*, 11 *Mich.* 344.

Admitting irregularity, it is not stated in the affidavits, on which the motion to set aside the decree was made, that defendant has been injured thereby; and we have held that we would not reverse an order or decree for a mere irregularity in no wise affecting injuriously the interest of the party.

The order appealed from is affirmed, with costs.

MARTIN CH. J. and CHRISTIANCY J. concurred.

CAMPBELL J. did not sit in this case.