### LETTS *v.* TREVALLICK.

Equity—Practice—Issue—Joinder—Notice to Take Testimony —Time—Objections.

Where a suit in chancery was at issue as to one defendant when complainant served notice of his intention to take testimony in open court, as authorized by Chancery Rule 15*a*, and such defendant made no application to have the case referred to a commissioner to take testimony, he was not entitled to object that the service of the notice to take testimony was premature because no order pro confesso had been entered against the other defendants.

Appeal from Wayne; Frazer, J.  Submitted January 18, 1905.  (Docket No. 62.)  Decided February 27, 1905.

Bill by Charles E. Letts against Roberta Trevallick and others to remove a cloud from the title to land.  From a decree for complainant, defendant Trevallick appeals. Affirmed.

Complainant, the owner in fee simple of the lands de-

scribed in this bill of complaint, filed the bill against the defendants to remove a cloud from title caused by the existence of tax leases issued by the city of Detroit for unpaid taxes.   Defendant Prentis filed a disclaimer.   Defendants Chase and Dedine were duly defaulted September 22, 1903.   Defendant Trevallick answered.   The bill alleges that one Elisha Forsyth in his lifetime claimed title by virtue of certain tax leases; that he is dead, and that defendants Dedine and Trevallick are his heirs; that said Forsyth in his lifetime and neither of the defendants ever attempted to take possession of said land; and that said leases constitute a cloud upon complainant's title. Defendant Trevallick admits that she has never been in possession, but alleges, on information and belief only, that said Elisha did take possession of and occupied said premises, and was in possession and occupation for a long time previous to his death.   The bill was filed May 7, 1903.   To the answer a replication was duly filed August 6, 1903.   On the same day complainant filed notice of an intention to take testimony in open court under the statute, but did not file proof of the service of this notice upon the two defendants who had appeared.   Upon the hearing on February 10, 1904, counsel for defendant Trevallick objected to any evidence, on the ground that complainant had not obtained the right to take evidence in open court. Counsel for the complainant stated that proof of service was then being made out, and would be duly served, which was done on the same day.   The court then announced that they could proceed with taking testimony. Complainant then gave evidence to establish the allegations of the bill.   The defendant introduced no testimony, and decree was entered for the complainant.

*Walker & Spalding*, for complainant.

*B. T. Prentis*, for appellant.

GRANT, J. (*after stating the facts*).   Defendant insists that the case was not in position for hearing, because,

when the notice of the intention to take testimony in open court was filed and served, the case was not at issue as to all the defendants, the order pro confesso as to defendants Chase and Dedine not having been entered. Counsel for defendant relies upon *Kelly* v. *Wayne Circuit Judge*, 90 Mich. 264, and *Hall Lumber Co.* v. *Gustin*, 54 Mich. 624. In *Kelly* v. *Wayne Circuit Judge* the question was raised by mandamus to strike the case from the docket, because the case was not at issue. In *Hall Lumber Co.* v. *Gustin* the question was raised by a motion to suppress ex parte depositions which had been taken before the time for claiming an examination in open court had expired. We fail to find any evidence that the defendant was prejudiced by this mere irregularity. We think the case is clearly within *Kellogg* v. *Putnam*, 11 Mich. 344; *Munch* v. *Shabel*, 37 Mich. 166. Under Cir. Ct. Rule 25 the court has the power to order the testimony taken orally in open court. The same rule is applicable in courts of chancery. Chancery Rule 15*a*. The case was at issue as to defendant Trevallick. If defendant's solicitor knew that the notice was prematurely filed, it was his duty, if he desired to have it referred to a commissioner to take testimony, to enter an order to that effect. If he supposed that the proceedings were regular, then he clearly cannot claim that his client was prejudiced or taken by surprise, for he had ample time to prepare for the hearing.

The decree is affirmed, with costs.

MCALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.