CURTIS v. CURTIS.

1. Divorce—Filing Second Decree After Enrollment of First.
If irregularity in filing second decree in divorce suit after enrollment of first decree avoided second one, it leaves first decree unaffected.

2. Same—Appeal and Error.
Denial of defendant's motion to strike second decree in divorce suit from record is immaterial, where it would have availed him nothing had his motion been granted.

3. Same—Notice.
Defendant husband appearing by attorney in divorce suit is entitled to notice of all subsequent proceedings.

4. Contempt—Divorce—Notice of Court Order.
Husband appearing in divorce suit by attorney and having actual notice of decree against him for support of child was properly adjudged guilty of contempt, where he wilfully disobeyed said order, notwithstanding irregularity consisting of want of notice to him of settlement and signing decree (3 Comp. Laws 1929, §§ 12773, 12775).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 15, 1931. (Docket No. 158, Calendar No. 35,332.) Decided February 27, 1931.

In divorce proceedings by Yvonne Curtis against Harry Curtis, defendant was adjudged guilty of contempt for failure to pay money for support of child. Defendant appeals. Affirmed.

*Ernest C. Sneed,* for plaintiff.

*George K. Williams* (*Louis H. Wolfe* and *Leopold D. Mayer,* of counsel), for defendant.

WIEST, J. Defendant, by appeal, brings to review a decretal order adjudging him guilty of contempt for refusing to pay money for the support of his minor child.

December 20, 1920, plaintiff and defendant were divorced by decree of the Wayne circuit court, and defendant was adjudged to pay to plaintiff $7.50 per week for the support of their child. January 10, 1921, the decree was enrolled. January 26, 1921, another decree, carrying the date of the first decree, was filed. This decree also dissolved the marriage, awarded plaintiff the care, custody, and maintenance of the minor child, and ordered defendant to pay to the clerk of the court, for the support of the child, the sum of $7.50 per week, commencing December 20, 1920. Both decrees ordered defendant to pay the same amount and for the same purpose. It was irregular to file the second decree after enrollment of the first. If the irregularity be held to void the second decree (a point we do not decide), it leaves the first decree unaffected, and, as that awarded what defendant has been adjudged in contempt for

not paying, he cannot escape. Defendant's motion to strike the second decree from the record was denied. If the motion had been granted it would have availed defendant nothing. He has not been injured. Without injury the technicality is of no decisive moment. *Michigan Insurance Co.* v. *Whittemore,* 12 Mich. 427; *In re Allen's Estate,* 240 Mich. 661.

Defendant attacks both decrees for want of notice of settlement and signing. Defendant appeared by attorney in the divorce case, and was, therefore, entitled to notice of all subsequent proceedings. His affidavit states that he had no notice of the decrees, and the calendar entries disclose no proof of service. The notice, if given, was to his attorney, and there is no showing made by the attorney of want of notice. If we assume want of notice and subsequent irregularity, it does not help defendant.

In *Union Trust Co.* v. *Detroit Trust Co.,* 240 Mich. 646, the notice of settlement of the decree was bad, because too short, and, therefore, no notice, but Mr. Justice CLARK, speaking for the court, said:

"There is no showing of prejudice. * * * It is not contended that the decree was not proper and correct on the pleadings and proofs then before the court. The court ought not to set aside a decree for a harmless irregularity, or just to attain perfection of record. It ought also to be made to appear that the irregularity affected injuriously the interest of a party."

Counsel for defendant contend:

"To sustain contempt proceedings, notice of the entry of a decree is a jurisdictional prerequisite."

The statute, 3 Comp. Laws 1929, § 12775 (3 Comp. Laws 1915, § 11445), obviates need of notice when there is personal service of process or appearance.

In *Herman* v. *Wayne Circuit Judge,* 236 Mich. 604, we held that this section ''necessarily implies that the statute and court rules relative to essential notices have been observed, because, if observed, then full notice is given.'' This, however, does not help defendant, for actual notice of the decree and of his obligation thereunder was most forcibly brought home to him.

We quote from the calendar entries appearing in the record:

''1921. *  *  *

''Jan. 27. Petition for attachment, signed and filed.

''Jan. 27. Order for attachment signed and filed;
*  *  *

''Apr. 27. Attachment returned, served and filed,
*  *  *

''1922.

''Apr. 28. Petition and order to show cause signed, filed and entered.

''Sept. 9. Petition for attachment filed.

''Sept. 9. Order for attachment signed, *  *  *

''1923.

''Oct. 12. Petition for attachment filed.

''Order for attachment signed, filed and entered.
*  *  *

''1929.

''Dec. 10. Petition for attachment filed.

''Dec. 10. Order for attachment signed and filed.

''1930.

''Apr. 5. Recognizance bond filed.''

Defendant testified:

''I remember proceedings before Judge Jayne of the circuit court. He asked me if I have $100, and I told him yes. Well, he told me to pay it to the friend of the court, $100.

"*Q.* Did he say what that $100 was for?

"*A.* He didn't say anything and I didn't either. He just asked me if I had $100 and I had to pay it. Well I had $50 of it and I paid him $50, the next day, or paid the friend of the court $50.

"*Q.* Did Judge Jayne tell you that it was on the decree of divorce?

"*A.* No. He did not. He said it was alimony, that is all. Back alimony. I didn't have a chance to say anything about it. * * *

"*Q.* You were ordered to pay $10 a week, were you not at the time you paid the $50 before Judge Jayne?

"*A.* I don't know, but he ordered me to pay $100. Then I paid regularly in 1922. Then I stopped again because I came back here to Detroit and I supposed she left the country. I was sure about it."

This man knew all about the decree. Defendant's claims that he supposed plaintiff and the child were in France, and that he was not permitted to see the child or learn where the child was, are not convincing. He made no effort to see the child. At one time he agreed to go and see the child and then gave as an excuse for not going that he had to make a trip to Chicago. He has not purged himself of the contempt. He has been wilfully disobedient to the order of the court and has shamelessly neglected his child.

The order appealed from is affirmed, with costs against defendant.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.