VAN HORN v. HERNDON.

1. Vendor and Purchaser—Insane Persons—Voidable Contract.
   Contract to sell land executed by one later judicially declared insane was at most voidable.

2. Same—Cancellation of Instruments—Fraud—Ratification—Tender.
   Suit by heirs of vendor to set aside land contract, voidable on ground of fraud, was properly dismissed, where plaintiffs were represented in probate court by able counsel, made no claim of fraud until more than five years after death of vendor, and in meantime had ratified contract by accepting from administrator of vendor's estate their share of payments received on contract, and made no tender of it back.

Appeal from Wayne; Carr (Leland W.), J., presiding. Submitted January 23, 1931. (Docket No. 135, Calendar No. 35,441.) Decided February 27, 1931.

Bill by Harold C. Van Horn and others against Robert Herndon and another to cancel a land contract. Decree for defendants. Plaintiffs appeal. Affirmed.

*James Gibbons* (*Andrew G. Stevenson*, of counsel), for plaintiffs.

*Retan & Zeleznik*, for defendant Herndon.

Potter, J. Elizabeth Van Horn in her lifetime owned 20 acres of land in Brownstown township, Wayne county, Michigan, which she sold in September, 1922, to defendant Robert Herndon on land

contract.   Later both Elizabeth Van Horn and her
daughter, defendant Estelle Van Horn, were judi-
cially declared insane and confined to the Michigan
State Hospital at Pontiac.   After the death of Eliza-
beth Van Horn, an administrator of her estate, was
appointed by the probate court of Washtenaw
county.   The title to the real estate of the deceased
passed to and vested in plaintiffs and defendant
Estelle Van Horn.   The administrator was not a
proper party plaintiff to attempt to set aside the
land contract made by Elizabeth Van Horn in her
lifetime; the plaintiffs and defendant Estelle Van
Horn were.   The contract of Elizabeth Van Horn
was at most voidable.   Plaintiffs were represented
in the probate court of Washtenaw county in the
administration of the estate of Elizabeth Van Horn
by able counsel.   If plaintiffs claimed fraud in the
sale of the real estate by the deceased, it was their
duty to act promptly.   Plaintiffs did nothing.   The
administrator collected the amount due on the con-
tract for the sale of the land and distributed the
amount collected, less the expenses of administra-
tion, to the parties entitled thereto, the plaintiffs
receiving upwards of $2,000 on the distribution of
the estate of Elizabeth Van Horn.

More than five years elapsed after the death of
Elizabeth Van Horn before the filing of the bill of
complaint in this case.   No tender back of the pro-
ceeds of the contract received from the administra-
tor of Elizabeth Van Horn's estate by plaintiffs is
made.   Plaintiffs seek to keep the money paid them
by the administrator and set aside the contract un-
der which defendant paid it to him.   Conceding
everything claimed by plaintiffs, they have ratified
the contract, taken their respective shares of the

money paid by defendant Herndon under it to the administrator from him, and make no tender of it back. They have ratified the contract now sought to be set aside. The trial court arrived at a correct conclusion. Decree affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.