SENGHAS v. L'ANSE CREUSE PUBLIC SCHOOLS.

1. SCHOOLS AND SCHOOL DISTRICTS—POWERS—STATUTES.
    School districts possess such power as the statutes expressly or by reasonably necessary implication grant to them.

2. SAME—FOURTH-CLASS DISTRICT—TRANSPORTATION SUPERVISOR—CONTRACT OF EMPLOYMENT.
    Written contract of employment of plaintiff as transportation supervisor for 2-year period *held*, authorized by statute empowering school board of fourth-class district to "employ such assistants and employees as may be necessary and prescribe their duties and fix their compensation" (CLS 1956, § 340.574).

3. FRAUDS, STATUTE OF—PERSONAL SERVICE FOR 2 YEARS.
    A contract for performance of personal service for a period of 2 years must be in writing to be binding (CL 1948, § 566.132).

Appeal from Macomb; Noe (Alton H.), J. Submitted December 5, 1962. (Docket No. 91, Calendar No. 49,456.) Decided December 31, 1962.

Assumpsit and case by Louis G. Senghas against L'Anse Creuse Public Schools, a district organized under the school laws, for breach of employment contract and for defamation of reputation. Cause

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur, Schools § 13.
[3] 49 Am Jur, Statute of Frauds § 52.

dismissed on motion. Plaintiff appeals. Reversed as to count in assumpsit and remanded for trial.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for plaintiff.

*Hill & McPeters,* for defendant.

KAVANAGH, J. Plaintiff instituted this suit in the Macomb county circuit court. The declaration was filed May 10, 1961, on 2 counts. The first count sought damages for breach by defendant of a written contract of employment. The second count was apparently for damages against the board of education growing out of alleged libel and slander.

The contract was entered into pursuant to a resolution of the L'Anse Creuse Public Schools at a regular meeting held on May 9, 1960, and duly recorded in the minutes of that meeting. Under the contract plaintiff was hired for 2 years from July 1, 1960, to and including June 30, 1962, as a transportation supervisor for defendant public schools. Plaintiff entered into the employment under this contract on July 1, 1960. He pursued his duties of directing the 22 buses operated by defendant until November 21, 1960, at which time he was dismissed.

Defendant filed a motion to dismiss claiming:

1. The declaration did not state a cause of action against defendant.

2. As to the first count of the declaration, that the defendant, a school district organized pursuant to the laws of the State of Michigan, was without power or authority to enter into the contract relied upon by plaintiff; that said contract was void *ab initio,* and was an illegal attempt on the part of the board of education of defendant school district to exercise powers of contract not vested in said board by the statutes or the general laws of the State of Michigan.

3. As to the second count of the declaration, that the allegations contained therein were vague, indefinite, impossible of specific answer, and insufficient to state a cause of action in slander or libel; that if libelous statements were made or published against plaintiff, the same were the acts of an individual or individuals and not of the defendant school district.

The trial judge granted the motion as to count 2, for the reason the allegations were too vague, indefinite, and insufficient to state a cause of action.

As to the first count, the trial judge granted the motion to dismiss because of a lack of power in the school board to enter into a written contract of employment with plaintiff as transportation supervisor. The trial court held the power to hire employees and make reasonable rules and regulations necessary for the proper establishment, maintenance, management, and carrying on of the public schools of said district cannot be so expanded as to include the right to extend written contracts to employees other than teaching personnel or superintendents.

On appeal we shall deal only with the question of whether the board of education of a fourth-class school district has the power to employ a person by written contract for 2 years to supervise transportation of children to the school within the district.

School boards are authorized by statute[1] to ex-

[1] PA 1955, No 269, § 66, as amended by PA 1958, No 110 (CL 1948, § 340.66 [Stat Ann 1959 Rev § 15.3066]), provides in part:

"The board may employ a superintendent of schools who shall meet the qualifications prescribed in section 573 of this act, and shall employ a superintendent if 12 or more teachers are employed. The contract with the superintendent shall be for a term fixed by the board not to exceed 3 years."

PA 1955, No 269, § 569 (CLS 1956, § 340.569 [Stat Ann 1959 Rev § 15.3569]), provides in part:

"The board of every district shall hire and contract with such duly qualified teachers as may be required. All contracts with teachers shall be in writing and signed by a majority of the board in behalf of the district, or by the president and secretary, or by the superintendent of schools when so directed at a meeting of the board."

tend written contracts to teaching personnel and superintendents under certain circumstances. It is conceded by defendant that there is statutory authority[2] which would authorize the board of a fourth-class school district to employ a person or persons whose duties could be to supervise the transporting of children to the school within the district. It is also admitted that there is no statutory limitation as to how long a period of time the board may employ such person. It is also admitted that no limitation exists in the statute which would prohibit the board from entering into such an employment contract in writing. The sole argument given by the trial judge and relied upon by defendant in this Court is that school districts and school officers possess only such powers as the statute expressly or by reasonably necessary implication grants to them. It is contended by defendant that for a school district to enter into a written contract of employment with noninstructional personnel, especially where it is for a term of years, would be doing an act outside the scope of its statutory authority, and hence the act would be *ultra vires*. With this argument we cannot agree.

It is to be noted that school districts possess such power as the statutes expressly *or by reasonably necessary implication grant to them.* The contract in question was one which was authorized by statute. No limitation as to term, nor prohibition as to a written contract, exists in the statute. Under the statute of frauds,[3] the contract, being for a term of 2 years, would have to be in writing to be binding. It follows, since there is no limitation, the reasonable implication is the defendant had authority to make

---

[2] PA 1955, No 269, § 574 (CLS 1956, § 340.574 [Stat Ann 1959 Rev § 15.3574]), provides:      .
   "Every board may employ such assistants and employees as may be necessary and prescribe their duties and fix their compensation."
[3] See CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922).—REPORTER.

the contract in writing. We conclude, therefore, that the trial court was in error in holding otherwise.

The order of the lower court granting the motion to dismiss is reversed as to count 1 of the declaration, and the case remanded to the lower court for trial. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.