PYLE *v.* PYLE

Divorce—Parent and Child—Custody—Best Interests.
> The guiding principle in deciding child custody cases is that the court's decision must be based on the best interest of the child.

Appeal from Midland, James R. Rood, J. Submitted Division 3 March 4, 1971, at Grand Rapids. (Docket No. 10251.) Decided April 2, 1971.

Complaint by Carolyn P. Pyle against William D. Pyle for divorce. Defendant counterclaimed for divorce. Divorce and permanent custody of the parties' children granted defendant. Plaintiff's motion for change of custody denied. Plaintiff appeals. Affirmed.

*Robert J. Rhead,* for plaintiff.

*Robert B. Whittaker,* for defendant.

Before: Fitzgerald, P. J., and Holbrook and Bronson, JJ.

Per Curiam. Plaintiff and defendant were married in 1963. Daughters were born in 1964 and 1965. On April 18, 1968, plaintiff filed a complaint for di-

Reference for Points in Headnote
24 Am Jur 2d, Divorce and Separation § 783 *et seq.*

vorce, alleging extreme cruelty. The court ordered defendant to pay interim support and granted plaintiff temporary custody of the two girls. Defendant counterclaimed for divorce on the ground of extreme cruelty and further sought an order changing custody from the plaintiff mother to the defendant father. The trial court, following a hearing, granted defendant a divorce and the permanent custody of the children, with reasonable visitation rights to the mother.

Following the divorce in 1968, both parties remarried. In June 1970, plaintiff filed a motion for change of custody. A hearing was held where both parties testified and presented their witnesses. The trial judge, after reviewing the testimony, denied the motion to change custody for the following reasons:

"The court cannot find that since the entry of this judgment that the situation has changed to such an extent that the petition for change of custody should be granted. The court is satisfied that the children are now in a good environment and the court is not disposed to change that custody and experiment with the future of these children. It may very well be that the mother has changed somewhat; this could be. It's not the province of the court to attach blame. The court believes that we should be charitable, but we can not take chances with the welfare of the children. It's not a question of what the parents may want or what they may feel about their rights and so forth; the question is what's best for the children. As I said, the court feels the children are now in a proper environment and that they should remain there. The court does feel, however, that the mother should have visitation. I am satisfied from the testimony in this case that this may be disturbing to these children, and I, therefore, want the Friend of the Court to make another investiga-

tion of the present home, and I want Mrs. Klemkosky to have some counseling in order that she may find out what the proper way is to deal with these children.   There is no longer any question about what—who is right and who is wrong about this divorce; the question is now what is best for these children.   I want some help that will insure that the children will be properly taken care of when they visit with their mother, that they aren't told things they should not be told, and that their welfare comes first.   This is what I want to be sure of.   I feel the mother should have rights of visitation.   There isn't any question about that.   I am satisfied she loves her children; but the question is, what is best for them and what we can do to insure that they will be taken care of right."

The guiding principle in deciding child custody cases is that the court's decision must be based on the best interest of the child.   See PA 1970, No 91 (MCLA § 722.25; Stat Ann 1971 Cum Supp § 25-.312[5]) ; *Hentz* v. *Hentz* (1963), 371 Mich 335; *Sweet* v. *Sweet* (1950), 329 Mich 251; *Tarr* v. *Pollock* (1970), 25 Mich App 437; *Lamky* v. *Lamky* (1970), 29 Mich App 17.

Having reviewed the lower court record and the transcript, we are satisfied that the trial court's decision is consistent with the statutory directive and that the evidence was sufficient to support the trial court's factual determination.   See PA 1970, No 91 (MCLA § 722.28; Stat Ann 1971 Cum Supp § 25-.312[8].)

Judgment affirmed.