ATTORNEY GENERAL v EAST JACKSON PUBLIC SCHOOLS

ATTORNEY GENERAL v LAPEER COMMUNITY SCHOOLS

Docket Nos. 78258, 78259. Submitted February 12, 1985, at Lansing.— Decided June 18, 1985. Leave to appeal applied for.

The East Jackson Public Schools and the Lapeer Community Schools collected fees from students for participating in interscholastic athletics. The Attorney General filed separate suits against the two school districts in Ingham Circuit Court seeking injunctive and declaratory relief alleging that imposition of such fees violates the constitutional and statutory requirement that the state provide a free education. The two actions were consolidated for trial. The court, Carolyn Stell, J., found that local school districts have implied authority to charge fees to students for participation in interscholastic athletics and denied plaintiff's request for declaratory and injunctive relief. Plaintiff appeals from the decision as to each case. The appeals have been consolidated. *Held:*

Fees for participation in interscholastic athletic activities are legally possible if the athletics are extracurricular in nature, students are not required to participate, no grade or credit is given for participation, and the fees can be waived for those students who wish to participate but cannot afford the fees. The school districts acted reasonably and within their authority in assessing the fees.

Affirmed.

1. SCHOOLS — INTERSCHOLASTIC ATHLETIC ACTIVITIES — PARTICIPATION FEES.

A public school system may legally impose a fee for participation in interscholastic athletic activities if the activities are extracurricular in nature, students are not required to participate, no grade or credit is given for participation, and the fees can be

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Schools § 244.

Validity of regulation of athletic eligibility of students voluntarily transferring from one school to another. 15 ALR4th 885.

[2] 73 Am Jur 2d, Statutes § 168.

[3] 68 Am Jur 2d, Schools §§ 14-21.

waived for those students who wish to participate but cannot afford the fees.

2. STATUTES — JUDICIAL CONSTRUCTION — ADMINISTRATIVE LAW.

The construction placed upon statutory provisions by any particular department of government for a long period of time, although not binding upon the courts, should be given considerable weight.

3. SCHOOLS — POWERS — STATUTES.

School districts possess such power as the statutes expressly or by reasonably necessary implication grant to them.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George F. Young* and *Paul J. Zimmer,* Assistants Attorney General, for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and E. M. THOMAS,* JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff instituted these actions in an attempt to prevent defendant school districts from continuing to collect fees from students for participating in interscholastic athletics. The trial court denied the Attorney General's request for injunctive and declaratory relief. Plaintiff appeals as of right alleging that defendants have violated their statutory authority and the Michigan Constitution by the imposition of these fees. We disagree and affirm.

Plaintiff contends that only the Legislature would have authority to impose such fees, as Const 1963, art 8, § 2 provides in pertinent part:

"The legislature shall maintain and support a system

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

of free public elementary and secondary schools as defined by law."

We do not find that this provision limits the right of the school districts to "make reasonable regulations relative to anything necessary for the proper establishment, maintenance, management, and carrying on of the public schools of the district * * *." MCL 380.1300; MSA 15.41300. See also MCL 380.1261; MSA 15.41261:

"The board of a school district shall have the general care and custody of the schools and property of the district and shall make and enforce suitable regulations for the general management of the schools and the preservation of the property of the district."

The fees in question only fund extracurricular activities which are not required and for which no credit is given to any participant.

Plaintiff argues that to charge such a fee violates the requirement that the state provide a free education. While we agree that extracurricular activities are important to education, we do not find any students to have been arbitrarily prevented from participation. See *Cochrane v Mesick Consolidated School Dist Bd of Ed,* 360 Mich 390; 103 NW2d 569 (1960). In the instant case, no student has been barred for lack of funds. There is a confidential process under which students who do not have the means to pay will have the fees waived. We cannot say that the school board has acted in an arbitrary and unreasonable manner such as occurred in *Cochrane, supra,* p 401.

The question remains as to whether extracurricular activities are necessary to a system of free public elementary and secondary schools. In *Bond v Ann Arbor School Dist,* 383 Mich 693; 178 NW2d 484 (1970), our Supreme Court held that textbooks

and school supplies were an essential part of a system of free public education. Under *Bond,* two tests as to what must be provided at no cost were stated:

"[T]he 'necessary elements of any school's activity' test or the 'integral fundamental part of the elementary and secondary education' test * * *." *Id.,* p 702.

In *Bond,* the Supreme Court quoted at length and with approval from *Paulson v Minidoka County School Dist No 331,* 93 Idaho 469; 463 P2d 935 (1970). In that case, the Court noted that social and extracurricular activities were not necessary elements of a high school career and therefore allowed the schools to set fees to cover the costs of such activities to be paid by the students so participating. In accordance with this, we do not find interscholastic athletics to be a necessary element of any school's activity. Nor can we say that these activities are an integral fundamental part of the education process rising to the level that would require them to be provided at no cost. These activities are optional and nonessential and provisions have been made to waive the fees for those students who cannot afford to pay. Plaintiff has not alleged that the fees were excessive or that the funds collected were improperly used.

The final arguments advanced by plaintiff are that the Legislature did not intend these fees to be charged. Plaintiff bases this argument on the rule *expressio unius est exclusio alterius, i.e.,* that which is not expressed is prohibited. Plaintiff contends that since MCL 380.1522(4); MSA 15.41522(4) expressly authorizes that fees may be charged to participants for insurance costs but does not mention other fees no other fee may be assessed. We do not agree. The Legislature was only addressing

insurance fees and not the assessment of fees for participation in interscholastic athletic activities. See *Chesapeake & O R Co v Public Service Comm,* 59 Mich App 88, 100-101; 228 NW2d 843 (1975).

Furthermore, the State Board of Education reevaluated and formulated policy guidelines in light of the decision in *Bond, supra.* These guidelines have been in effect since 1970 and continue to be utilized today and were published in a State Board of Education Position Statement in 1972. These guidelines clearly state that:

"Fees for participation in interscholastic athletic activities are legally possible if they are extracurricular in nature, students are not required to take them, and no grade or credit is given."

We presume that the Legislature is aware of this interpretation and the Legislature has had 15 years in which to rescind this guideline if it so desired. We must give these guidelines great weight. *Melia v Employment Security Comm,* 346 Mich 544, 565; 78 NW2d 273 (1956). Hence, we believe the Legislature does not intend that these fees be prohibited.

We additionally note that:

"School districts possess such power as statutes expressly or by reasonably necessary implication grant to them. *Senghas v L'Anse Creuse Public Schools,* 368 Mich 557; 118 NW2d 975 (1962)." *Jurva v Attorney General,* 419 Mich 209, 214; 351 NW2d 813 (1984).

Accordingly, we find that the school districts were acting reasonably and within their authority in the assessment of said fees.

Affirmed. No costs. A public question involved.