MICHIGAN MUNICIPAL LIABILITY AND PROPERTY POOL v MUS-
KEGON COUNTY BOARD OF COUNTY ROAD COMMISSIONERS

Docket No. 204896. Submitted March 2, 1999, at Grand Rapids. Decided
    April 9, 1999, at 9:20 A.M.

    Michigan Municipal Liability and Property Pool brought an action in
    the Muskegon Circuit Court against the Muskegon County Board of
    County Road Commissioners, seeking indemnification of a media-
    tion evaluation paid by the city of Norton Shores in an action by a
    farm owner that alleged crop damage from a street improvement
    project by the board. The board had undertaken the project with
    the city's engineer serving as project engineer and, before the pro-
    ject began, had entered into an agreement with the city to indem-
    nify the city and its engineer for any claim that might be brought
    against them in connection with the project. The city had assigned
    its rights under the indemnification agreement to the Michigan
    Municipal Liability and Property Pool. On cross-motions for sum-
    mary disposition, the court, Timothy G. Hicks, J., granted summary
    disposition for the defendant, ruling that the indemnification agree-
    ment was unenforceable because the defendant lacked authority to
    enter into the agreement. The plaintiff appealed.

    The Court of Appeals held:

    1. Local governments have no inherent powers and possess only
    those limited powers that are expressly conferred on them by the
    state constitution or state statutes or that are necessarily implied
    therefrom. MCL 224.10; MSA 9.110 empowers a board of county
    road commissioners to employ a competent county highway engi-
    neer and to engage in other professional and consultant services as
    it considers necessary to implement the county road law, MCL
    224.1 et seq.; MSA 9.101 et seq., and promote efficiency and econ-
    omy in the operation of the county road system. There is nothing in
    MCL 224.10. MSA 9.110 that expressly authorizes a board of county
    road commissioners, before any liability-triggering event, to indem-
    nify an engineer for any monetary judgments rendered against the
    engineer arising from the performance of professional services for
    the board. The power to enter into such an indemnification agree-
    ment is not necessarily implied from any of the board's express
    powers because such power is not essential to any of the board's
    express powers. Moreover, enforcement of such an indemnification

agreement could lead a board to contract indebtedness beyond that which is allowed by MCL 224.21; MSA 9.121, which limits a board to contract indebtedness that does not exceed money credited to the board and received by the county treasurer.

2. The defendant, having voluntarily entered into the indemnification agreement, is not estopped from asserting that its execution of the agreement was ultra vires. Michigan falls within the general rule that the doctrine of estoppel is inapplicable to ultra vires acts.

Affirmed.

1. HIGHWAYS — BOARDS OF COUNTY ROAD COMMISSIONERS — HIGHWAY ENGINEERS — INDEMNIFICATION AGREEMENTS.

The county road law, which empowers a board of county road commissioners to employ a county highway engineer, does not expressly authorize a board, before any liability-triggering event, to enter into an agreement to indemnify an engineer for any claim arising from the engineer's performance of professional services; such authority is not essential to the board's express powers and therefore is not necessarily implied therefrom (MCL 224.10; MSA 9.110).

2. ESTOPPEL — ULTRA VIRES ACTS.

The doctrine of estoppel is inapplicable to ultra vires acts.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross* and *David K. Otis*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendant.

Before: HOLBROOK, JR., P.J., and MURPHY and TALBOT, JJ.

MURPHY, J. Plaintiff Michigan Municipal Liability and Property Pool, appeals as of right from a circuit court order granting defendant Muskegon County Board of County Road Commissioners' motion for summary disposition in this indemnification action. We affirm.

Plaintiff is an unincorporated entity made up of municipal corporations, including the city of Norton Shores, forming a self-insurance pool. This case arises

from plaintiff's attempt to recover from defendant (the county road commission) for breach of a release and hold harmless agreement (the indemnification agreement) between the county road commission and the city of Norton Shores, following a judgment entered against the city of Norton Shores in an underlying lawsuit.

The underlying lawsuit involved the Harvey Street improvement project. After plans for the project were prepared by the city of Norton Shores and Fruitport Township, the city of Norton Shores approached the county road commission to apply for the necessary funding, and the county road commission took jurisdiction over the project to secure funding. The county road commission, however, needed an engineer of record because its own engineer had recently retired; therefore, the county road commission voted unanimously to designate the city of Norton Shores' engineer, Rudolph J. Chmelar, to serve as the engineer for the project.

On that same day, the manager of the county road commission, Norman H. Erickson, signed a document formally designating city engineer Chmelar as the project engineer and sole representative for the project, and setting forth his responsibilities in that regard. In exchange for the loan of city engineer Chmelar's services, Erickson also signed an indemnification agreement on behalf of the county road commission.[1]

---

[1] The indemnification agreement in this case provides:

In consideration of the benefits to be derived by R. J. Chmelar's participation as Project Engineer for the reconstruction of Harvey Street from Sternberg Road to Hile Road in the County of Muskegon, we the undersigned, our agents, employees, heirs and assigns, licensees and invitees, residents and visitors do hereby

Following the completion of the Harvey Street improvement project, the county road commission transferred jurisdiction over the project back to the city of Norton Shores. Thereafter, Paul Brothers Blueberries, Inc., brought suit in the Muskegon Circuit Court against both the county road commission and the city of Norton Shores, as well as the Muskegon County Drain Commissioner, alleging that the design of the Harvey Street improvement project resulted in subterranean waters being drained away from Paul Brothers' farm with damage to its blueberry crop. The case was submitted to mediation, and the mediators returned a mediation evaluation in favor of the Paul Brothers and against the county road commission in the amount of $40,000, and against the city of Norton Shores in the amount of $20,000, as well as a judgment of no cause of action against the Muskegon County Drain Commissioner.

The city of Norton Shores, pursuant to the indemnification agreement, tendered for payment the $20,000 mediation evaluation to the county road commission. The county road commission, however, rejected the tender, but accepted the mediation evaluation entered

---

agree to indemnify and hold harmless, R. J. Chmelar and the City of Norton Shores, its agents, officers and employees, from and against any and all liability, loss, damage, cost or expense which may accrue to or be sustained by the undersigned, their guests, employees and agents or to any other person or legal entity on account of any claim, suit, or action made or brought against R. J. Chmelar and the City of Norton Shores, its officers, agents and employees from any injury to said person or property and do further more waive all rights to make any claim or file suit against R. J. Chmelar and the City of Norton Shores from any and all liability or responsibility of any kind arising from, such damage, loss, cost, or expense incurred as a result of the activity planned pursuant to the Project Engineer Agreement dated: March 8, 1991.

against it and agreed to pay Paul Brothers $40,000. The city of Norton Shores, thereafter, also accepted the mediation evaluation entered against it and agreed to pay Paul Brothers $20,000. Subsequently, a judgment was entered in favor of Paul Brothers against the county road commission and the city of Norton Shores, whereupon a satisfaction of judgment was entered showing the city of Norton Shores' payment of $20,000.

The city of Norton Shores then assigned its rights under the indemnification agreement to plaintiff, which subsequently brought the instant lawsuit against the county road commission. In its complaint, plaintiff alleged that the county road commission was liable for breach of the indemnification agreement, and it sought indemnification for the $20,000 mediation award that the city of Norton Shores paid in the underlying lawsuit, as well as other related damages and costs.

Both parties filed motions for summary disposition pursuant to MCR 2.116(C)(8) and (10). Plaintiff relied on the indemnification agreement between the city of Norton Shores and the county road commission, arguing that the agreement clearly required the county road commission to indemnify the city of Norton Shores and its engineer for any and all damages arising out of the Harvey Street project, including the $20,000 judgment that was satisfied in the underlying Paul Brothers litigation. The county road commission argued, among other things, that the indemnification agreement is unenforceable because it is ultra vires.[2]

---

[2] The term "ultra vires" is defined as outside the scope of authority. See *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 620; 363

Following oral arguments, the trial court issued an opinion and order granting the county road commission's motion for summary disposition on the basis of its argument that the indemnification agreement is ultra vires and thus unenforceable.[3] It is from this opinion and order that plaintiff appeals as of right.

We are presented with the narrow issue whether county road commissions have authority to enter into agreements to indemnify engineers or consultants before any liability-triggering event has occurred.[4] We

___

NW2d 641 (1984); *Senghas v L'Anse Creuse Public Schools*, 368 Mich 557, 560; 118 NW2d 975 (1962).

[3] In rendering its decision, the trial court relied heavily on a 1978 Attorney General opinion, OAG, 1977-1978, No 5305, p 436 (May 3, 1978), in which the Attorney General was asked to opine on a question identical to the question presented in this case, namely, whether a board of county road commissioners may enter into an agreement with a highway engineer to provide legal services for the engineer, and to hold the engineer harmless from any monetary judgment that might be assessed against the engineer, from activities arising from his services for the county road commission. The Attorney General opined that a county road commission was without constitutional or statutory authority to enter into such an agreement, reasoning that a blanket indemnification agreement could expose the county road commission to liability exceeding the money credited to the board.

[4] Our analysis is focused on agreements entered into *before any liability-triggering event has occurred* because MCL 224.21; MSA 9.121 and MCL 691.1408; MSA 3.996(108) authorize county road commissions, and local governments generally, to contract indebtedness after such an event has occurred. With respect to governmental agencies, MCL 691.1408; MSA 3.996(108) provides, in pertinent part, as follows:

(1) Whenever a claim is made or a civil action is commenced against an officer or employee of a governmental agency for injuries to persons or property caused by negligence of the officer or employee while in the course of employment and while acting within the scope of his or her authority, the governmental agency may pay for, engage, or furnish the services of an attorney to advise the officer or employee as to the claim and to appear for and represent the officer or employee in the action. The governmental agency may compromise, settle, and pay the claim before or after the commencement of a civil action. Whenever a judgment of damages is awarded against an officer or employee of a govern-

conclude that under existing constitutional and statutory provisions, county road commissions do not have the authority to enter into such agreements.

This Court reviews de novo questions of law involving statutory interpretation. *Watson v Bureau of State Lottery*, 224 Mich App 639, 644; 569 NW2d 878 (1997). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent and purpose of the Legislature. *Id.* The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993); *Watson, supra.* Unless defined in the statute, every word or phrase of a statute should be understood according to the common and approved usage of the language, taking into account the context in which the words are used. MCL 8.3a; MSA 2.212(1); *Yaldo v North Pointe Ins Co,*

---

mental agency as a result of a civil action for personal injury or property damage caused by the officer or employee while in the course of employment and while acting within the scope of his or her authority, the governmental agency may indemnify the officer or employee or pay, settle, or compromise the judgment.

With respect to county road commissions, specifically, MCL 224.21; MSA 9.121 limits the power of county road commissions to contract indebtedness to an amount not exceeding the money credited to the board and received by the county treasurer. See n 6, *infra.* Under these provisions, a county road commission is authorized in its discretion to contractually assume a fixed amount of indebtedness resulting from a claim against an employee, as long as the amount assumed does not exceed the money credited to the board and received by the county treasurer. We also note that MCL 691.1409; MSA 3.996(109) expressly authorizes governmental agencies, generally, and thus county road commissions, specifically, to purchase liability insurance to protect its employees against loss resulting from any judgment entered against the employee. In our view, therefore, these provisions support the proposition that a county road commission may contractually agree to indemnify an employee after a liability-triggering event has occurred, or the county road commission may secure liability insurance to indemnify the employee before such an event has occurred.

217 Mich App 617, 621; 552 NW2d 657 (1996), aff'd 457 Mich 341; 578 NW2d 274 (1998). If statutory language is clear, judicial construction is normally neither necessary nor permitted, and the statute must be enforced as it is written. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). *Watson, supra.*

The Legislature is granted the authority to create the county road law and the road commission pursuant to Const 1963, art 7, § 16.[5] However, a county's authority, like the authority of townships, cities, and villages, is derived from and limited by the constitution and valid state statutes. *Arrowhead Development Co v Livingston Co Rd Comm*, 413 Mich 505, 511-512; 322 NW2d 702 (1982); *Gray v Wayne Co*, 148 Mich App 247; 384 NW2d 141 (1986). Our Supreme Court "has repeatedly stated, local governments have no inherent powers and possess only those limited powers which are expressly conferred upon them by the state constitution or state statutes or which are necessarily implied therefrom." *Hanselman v Wayne Co Concealed Weapon Licensing Bd*, 419 Mich 168, 187; 351 NW2d 544 (1984), citing *Alan v Wayne Co*, 388 Mich 210; 200 NW2d 628 (1972); *Mason Co Civic Research Council v Mason Co*, 343 Mich 313; 72

---

[5] Const 1963, art 7, § 16  provides in pertinent part:

The legislature may provide for the laying out, construction, improvement and maintenance of highways, bridges, culverts and airports by the state and by the counties and townships thereof; and may authorize counties to take charge and control of any highway within their limits for such purposes. The legislature may provide the powers and duties of counties in relation to highways, bridges, culverts and airports; may provide for county road commissioners to be appointed or elected, with powers and duties provided by law.

NW2d 292 (1955). A power is "necessarily implied" if it is essential to the exercise of authority that is expressly granted. See, generally, *Dries v Chrysler Corp*, 402 Mich 78, 79; 259 NW2d 561 (1977) (power of Worker's Compensation Appeal Board to dismiss appeals for noncompliance with its rule requiring that appealing party file transcript within thirty days of filing of claim for review is necessarily implied from statute granting the board the authority to make rules on appellate procedure, in that power to dismiss is essential to enforcement of such procedural rules); *Stebbins v Judge of Superior Court of Grand Rapids*, 108 Mich 693, 698; 66 NW 594 (1896) ("Municipal corporations possess only those powers which are expressly conferred or necessarily implied, in consequence of their being essential to the exercise of their proper functions."); *Vance v Ananich*, 145 Mich App 833, 836; 378 NW2d 616 (1985) ("Subpoena power not expressly conferred will not be implied unless essential to fulfillment of the objectives of a statute.")

Relevant to this case, MCL 224.10; MSA 9.110 empowers a board of county road commissioners to employ a competent highway engineer and to engage in other professional and consultant services as it considers necessary. This statute provides, in pertinent part, as follows:

> (2) The board of county road commissioners shall employ a competent county highway engineer who shall make surveys ordered by the board, prepare plans and specifications for roads, bridges, and culverts, and exercise general supervision over construction to insure that the plans and specifications are strictly followed. . . .
>
> (3) The board may also engage other professional and consultant services as it considers necessary to implement

this act and promote efficiency and economy in the operation of the county road system.

There is nothing in MCL 224.10; MSA 9.110 that expressly authorizes county road commissions to indemnify an engineer for any monetary judgments rendered against the engineer arising from the performance of professional services for county road commissions.

Plaintiff, however, argues that the authority to enter into an indemnification is implicit in the county road commission's authority to hire an engineer or consultant. Specifically, plaintiff contends that the language of MCL 224.10; MSA 9.110 unambiguously grants a county road commission the right to hire an engineer or other consultant. It follows, plaintiff maintains, that a county road commission is authorized to contract for such services. However, plaintiff then urges that because MCL 224.10; MSA 9.110 contains no provisions that limit the terms and conditions of those contracts, except to say that they must promote efficiency and economy in the operation of the county road system, it is a reasonable interpretation of the statute that such contracts may include an indemnification agreement.[6] We disagree.

---

[6] Plaintiff also points to MCL 224.21; MSA 9.121 as further supporting its claim. This statute provides in pertinent part:

(1) A board of county road commissioners shall not contract indebtedness for an amount in excess of the money credited to the board and received by the county treasurer. However, the board may incur liability to complete roads under construction and upon contracts, after a tax is voted, to an amount not exceeding ¾ of the tax.

Although this statute contemplates the authority of the county road commission to contract a fixed amount of indebtedness, it does not follow

MCL 224.10; MSA 9.110 does not empower a county road commission to enter into an indemnification agreement as a condition to hiring an engineer or consultant, because that power is not necessarily implied from a county road commission's expressly granted authority to hire such professionals. In our view, the power to enter into indemnification agreements is not essential to any power that has been expressly conferred on a county road commission. If the Legislature determines to grant such authority to county road commissions, it may do so, but we will not infer a power that is not essential to the proper exercise of expressly conferred authority.[7]

We are aware that in *E E Tripp Excavating Contractor, Inc* v *Jackson Co*, 60 Mich App 221, 232; 230 NW2d 556 (1975), this Court held that the power to contract necessarily carries with it the authority to adjust disputes arising out of the contract, such that a county board of public works may enter into an arbitration agreement ancillary to a public works contract. However, *E E Tripp* involves the interpretation of an entirely different statute, MCL 45.3; MSA 5.283,[8]

---

that the statute confers on the board the power to enter into indemnification agreements where potential liability is unlimited.

[7] We are cognizant that Const 1963, art 7, § 34 "mandates that provisions of law which do address the powers of county road commissions 'shall be liberally construed in their favor.'" *Arrowhead, supra* at 511. However, giving a liberal construction to an expressly granted power does not require us to recognize a power that is not necessarily and fairly implied from the statutory provision at issue. To do so would be to usurp the Legislature's constitutionally granted authority to create the county road law.

[8] MCL 45.3; MSA 5.283 provides as follows:

Each organized county shall be a body politic and corporate, for the following purposes, that is to say: To sue and be sued, to purchase and hold real and personal estate for the use of the county; to borrow money for the purpose of erecting and repairing

than the one presented here, MCL 224.10; MSA 9.110. The statute at issue in *E E Tripp*, MCL 45.3; MSA 5.283, concerns the expressly granted power of a county to enter into contracts, generally, while this case deals with the more narrow power of county road commissions to hire engineers and other consultants. While it might be reasonable to say, as did the panel in *E E Tripp*, that a county's power to contract necessarily implies the authority to enter into an arbitration agreement to adjust disputes arising out of the contract, it is not, in our opinion, equally reasonable to conclude that a county road commission's power to hire engineers and consultants necessarily implies the ancillary power to enter into indemnification agreements with those professionals.[9]

Further, in our view, the power to enter into an arbitration agreement is fundamentally different than the power to enter into an indemnification agreement. While the exercise of the former power results merely in the establishment of a mutually agreed on framework to resolve a potential dispute arising out of a contract, the exercise of the latter power results in the assumption of financial responsibility for the potential negligence of the other party to the contract. If a blanket indemnification agreement was enforced, it would not be possible to contain the financial obligation of the county road commission, and thus, theoretically, a judgment entered against an

county buildings, and for the building of bridges, to make all necessary contracts, and to do all other necessary acts in relation to the property and concerns of the county.

[9] Nothing on the record in this case would support a conclusion that the execution of an indemnification agreement is essential to the county road commission's ability to hire an engineer or other consultant.

engineer or another consultant could greatly exceed the amount that the county road commission is empowered to assume pursuant to MCL 224.21; MSA 9.121. Therefore, we conclude that *E E Tripp* does not support plaintiff's argument that the Legislature has impliedly authorized county road commissions to execute indemnification agreements such as the one at issue in this case.

Finally, we understand that the result of our decision is the nullification of a contractual provision that the county road commission voluntarily agreed to enter into. However, because "Michigan falls within the general rule that the doctrine of estoppel is inapplicable to ultra vires acts," *Parker v West Bloomfield Twp*, 60 Mich App 583, 593; 231 NW2d 424 (1975), the county road commission is not estopped from raising the defense of ultra vires. Accordingly, because the county road commission was without authority to enter into the indemnification agreement, the circuit court did not err in finding that the county road commission's execution of the indemnification agreement was ultra vires and thus unenforceable.

Affirmed.