*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF EMMET COUNTY
TREASURER FOR FORECLOSURE.

---

EMMET COUNTY TREASURER,

        Petitioner-Appellee,

v

GEORGIA LITZNER,

        Claimant-Appellant,

and

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Appellee.

UNPUBLISHED
January 12, 2023
APPROVED FOR
PUBLICATION
March 2, 2023
9:30 a.m.

No. 359447
Emmet Circuit Court
LC No. 19-106520-CH

---

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

SHAPIRO, P.J.

Claimant Georgia Litzner appeals[1] the circuit court's order denying her motion for disbursement of the remaining proceeds from a 2020 tax-foreclosure sale. The relevant property,

---

[1] Litzner filed an appeal by right, and the Emmet County Treasurer argues that an appeal from an order awarding or denying remaining proceeds following a tax-foreclosure sale may be taken only by application for leave to appeal. We decline to decide this issue, however, because even if we

-1-

which was owned by Litzner's aunt, was forfeited to petitioner Emmet County Treasurer for failure to pay taxes. The circuit court held that even though Litzner was the sole devisee of her deceased aunt's will, she did not have a legal interest in the foreclosed property to qualify as a "claimant" who could seek recovery of the remaining proceeds under MCL 211.78t. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

The real property at issue was owned by Dona Lee Bouford-Hiar, who died on December 13, 2019. Bouford-Hiar's will devised her real and personal property to Litzner, her niece. At some point before Bouford-Hiar's death, the property was forfeited to the Emmet County Treasurer for failure to pay property taxes. On February 13, 2020, a judgment of foreclosure was entered on the property. The judgment of foreclosure became effective on March 31, 2020. See MCL 211.78g(2) ("[A]bsolute title to the property . . . will vest in the foreclosing governmental unit on the March 31 immediately succeeding the entry of a judgment foreclosing . . . .").

On July 17, 2020, the Michigan Supreme Court issued its opinion in *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020). Prior to that decision, the foreclosing governmental unit was entitled to retain all the funds from the foreclosure sale even when the proceeds greatly exceeded the amount of the delinquent taxes. However, in *Rafaeli*, the Supreme Court held that a governmental unit's retention of surplus proceeds under the General Property Tax Act (GPTA), MCL 211.1a *et seq.*, constitutes an unconstitutional taking against the former property owner. *Id*. at 437.

In response to *Rafaeli*, the Legislature passed amendments to the GPTA to provide a mechanism for persons to obtain surplus proceeds after a tax-foreclosure sale. *Proctor v Saginaw Co Bd of Comm'rs*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 349557, 349633, 349636, 350394, 350406); slip op at 5, lv pending. Relevant to this appeal, MCL 211.78t outlines how a former property owner or other claimant may claim an interest in the remaining proceeds following a sale of foreclosed property. "Claimant" is defined as "a person with a legal interest in property immediately before the effectiveness of a judgment of foreclosure of the property under [MCL 211.78k] who seeks pursuant to this section recognition of its interest in any remaining proceeds associated with the property." MCL 211.78t(12)(a). The statute makes no reference to circumstances that may arise if the property owner has died prior to the foreclosure or sale.

On October 2, 2020, the Emmet County Treasurer sold the property at an auction for $281,250. According to Litzner, there was a surplus or remaining proceeds of $260,487.50. On May 14, 2021, Litzner moved in the foreclosure case for a disbursement of the remaining proceeds pursuant to MCL 211.78t. Litzner asserted that she had a legal interest in the property before the foreclosure became effective because she was the sole devisee of Bouford-Hiar's will and Bouford-Hiar was the last surviving joint owner of the property.

---

concluded that Litzner does not have an appeal by right, we would exercise our discretion to treat her claim of appeal as an application for leave to appeal, grant leave, and decide the appeal on its merits. See e.g., *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

-2-

After filing an appearance, DHHS submitted a response to Litzner's motion explaining that it was seeking to recoup under the Medicaid estate-recovery program expenses paid to Bouford-Hiar and that its claim was over $800,000. DHHS argued that resolution of Bouford-Hiar's will must be made through probate administration and that its claim for Medicaid reimbursement must be paid before any distributions of lower priority are made from the remaining proceeds, including distributions to will beneficiaries or devisees.[2] The Emmet County Treasurer also filed a response asking the circuit court to determine the amount of remaining proceeds and the rightful claimants.

A motion hearing was held on August 10, 2021, at which the circuit court heard argument from Litzner, the Emmet County Treasurer and DHHS. At the conclusion of the hearing, the circuit court decided to stay the proceedings and allow DHHS an opportunity to "file their probate case." In October 2021, the probate court entered an order granting DHHS's petition for formal proceedings and admitting Bouford-Hiar's will to probate. The probate court also appointed a county public administrator as personal representative.

On November 12, 2021, the circuit court sua sponte issued an opinion and order denying Litzner's motion for disbursement and dismissing pending discovery motions. The court determined that Litzner was not a "claimant" as defined by MCL 211.78t(12)(a) because she did not have a legal interest in the property prior to the foreclosure becoming effective. The court reasoned that a will only confers a legal interest in property via a probate proceeding and that in this case probate proceedings were not initiated until October 2021, well after the foreclosure became effective. This appeal followed.

## II. ANALYSIS

Litzner argues that the circuit court erred by holding that she did not have a sufficient legal interest in the foreclosed property to be considered a "claimant" under MCL 211.78t(12)(a).[3] We agree.[4]

As noted, MCL 211.78t outlines how a "claimant" may claim an interest in the remaining proceeds following a sale of foreclosed property.[5] And a claimant is "a person with a legal interest

---

[2] The Medicaid recovery program "limits its reach to 'property and other assets included within an individual's estate that is subject to probate administration . . . .' " *In re Estate of Rasmer*, 501 Mich 18, 44; 903 NW2d 800 (2017), quoting MCL 400.112h(a).

[3] DHHS filed an appellee brief concurring in Litzner's position on this matter.

[4] We review de novo questions of law involving statutory interpretation. *Mich Muni Liability and Prop Pool v Muskegon Co Bd of Co Road Comm'rs*, 235 Mich App 183, 189; 597 NW2d 187 (1999). The goal when interpreting statutes is to discern the Legislature's intent, the most reliable indicator of which is the statute's language. *Baurer v Saginaw Co*, 332 Mich App 174, 192; 955 NW2d 553 (2020). "Statutes must be construed reasonably, keeping in mind the purpose of the act, and to avoid absurd results." *Id*. at 193 (quotation marks and citation omitted).

[5] MCL 211.78t provides different procedures for foreclosed properties sold before and after July 17, 2020, i.e., the date of the *Rafaeli* decision. Because the property in this case was sold after

-3-

in property immediately before the effectiveness of a judgment of foreclosure of the property . . . ." In this case, the judgment of foreclosure became effective on March 31, 2020. At that point, Bouford-Hiar had died but the will devising her property to Litzner had not been probated. The question before us then is, for purposes of MCL 211.78t, whether a devisee has a legal interest in real property after the testator dies but before the will is probated.

The GPTA does not define "legal interest." Because that is a legal term of art, it is appropriate for us to consult a legal dictionary. *2 Crooked Creek, LLC v Cass Co Treasurer*, 507 Mich 1, 12 n 24; 967 NW2d 577 (2021). *Black's Law Dictionary* (11th ed) defines a "legal interest" as follows: "1. An interest that has its origin in the principles, standards, and rules developed by courts of law as opposed to courts of chancery. 2. An interest recognized by law, such as legal title." "Interest" is defined in relevant part as "[a] legal share in something; all or part of a legal or equitable claim to or right in property <right, title and interest>." *Black's Law Dictionary* (11th ed). The United States Supreme Court has observed that "interest" is "[t]he most general term that can be employed to denote a right, claim, title or legal share in something." *Russello v United States*, 464 US 16, 22; 104 S Ct 296; 78 L Ed 2d 17 (1983) (quotation marks and citation omitted).

To resolve this issue, it is necessary to consider the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, which "is a comprehensive scheme governing the transfer of a decedent's property." *In re Estate of Von Greiff*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 161535); slip op at 10. Article III of EPIC, MCL 700.3101 *et seq.*, governs probate of wills and administration. *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011). MCL 700.3101 provides:

---

July 17, 2020, the procedure outlined in MCL 211.78t(2) applies. See MCL 211.78t(1)(a). MCL 211.78t(2) states in pertinent part:

> (2) For foreclosed property transferred or sold under section 78m after July 17, 2020, by the July 1 immediately following the effective date of the foreclosure of the property, a claimant seeking remaining proceeds for the property must notify the foreclosing governmental unit using a form prescribed by the department of treasury. . . .

In this case, the Emmet County Treasurer notes that Litzner did not file a notice of claim under MCL 211.78t(2). However, as the Treasurer conceded at oral argument, this was an impossibility given the relevant dates in this case. Because the foreclosure became effective on March 31, 2020, July 1, 2020 was the due date for the notice of claim. However, the GPTA was not amended to add this procedure until December 22, 2020. See 2020 PA 256. Further, the standard form referred to in MCL 211.78t(2) did not become available until January 2021, and the form expressly states that it applies to foreclosure sales beginning in 2021. For these reasons, Litzner could not have complied with MCL 211.78t(2). We also note that Litzner filed a motion for disbursement by May 15, 2021, consistent with MCL 211.78t(4), which was the next applicable timing requirement. This was a reasonable course of conduct under the circumstances.

-4-

An individual's power to leave property by will, and the rights of creditors, devisees, and heirs to his or her property, are subject to the restrictions and limitations contained in this act to facilitate the prompt settlement of estates. *Upon an individual's death, the decedent's property devolves to the persons to whom the property is devised by the decedent's last will* or to those indicated as substitutes for them in cases involving lapse, disclaimer, or other circumstances affecting devolution of a testate estate, or in the absence of testamentary disposition, to the decedent's heirs or to those indicated as substitutes for them in cases involving disclaimer or other circumstances affecting devolution of an intestate estate, subject to homestead allowance, family allowance, and exempt property, to rights of creditors, to the surviving spouse's elective share, and to administration. [Emphasis added.]

MCL 700.3101 is consistent with the common-law rule that title to real estate passes upon death to the heirs or devisees. See *EPIC With Reporter's Commentary*, p 152.[6] Indeed, there is ample Michigan caselaw to that effect. See e.g., *Pardeike v Fargo*, 344 Mich 518, 522; 73 NW2d 924 (1955) ("Upon the death of the owner of real estate, title passes to and vests in the heirs, not to the personal representatives."); *Michigan Trust Co v Grand Rapids*, 262 Mich 547, 550; 247 NW 744 (1933) ("[T]he title to real estate descends immediately to [the decedent's] heirs, subject to be divested for the payment of decedent's debts."). It is for this reason that heirs or devisees are considered proper parties to litigation involving the deceased's real estate. See *Van Horn v Herndon*, 253 Mich 408, 409; 235 NW 201 (1931).

At the same time, it was settled at common law that a will did not have legal effect until it was probated. See e.g., *In re Powers' Estate*, 362 Mich 222, 229; 106 NW2d 833 (1961). That requirement is now reflected in MCL 700.3102, which generally provides that "to be effective to prove the transfer of property . . . , a will must be declared valid by a register's order of informal probate or by a court's adjudication of probate." See also MCL 700.3901 ("A devisee may establish title by the probated will to devised property."). Once the will is probated, the transfer of title is deemed to relate back to the time of the testator's death. See *In re Allen's Estate*, 240 Mich 661, 665; 216 NW 446 (1927) ("In a testate estate it is the will that gives title. When probated, it is an instrument of title, relating back to the death of the testator and taking effect as of that time.").

With these statutes and caselaw in mind, we conclude that Litzner had a sufficient legal interest in the property such that she is properly considered a "claimant" for purposes of MCL 211.78t. Under MCL 700.3101, when Bouford-Hiar died in in December 2019, her real property "devolved" to Litzner, subject to the rights of creditors and administration. Litzner therefore had an interest in the property following Bouford-Hiar's death that is recognized by law, i.e., she had a "legal interest." See *Black's Law Dictionary* (11th ed). It is true that the will must be probated for Litzner to prove transfer of title to the real property and, by extension, her right to the remaining proceeds. And when the judgment of foreclosure became effective on March 31, 2020, that had

---

[6] "While not binding, such comments are often used to aid in the interpretation of a statute or rule." *In re Lundy Estate*, 291 Mich App at 355.

yet to occur. But this appeal does not concern who is *entitled* to the remaining proceeds. Rather, we are merely deciding the threshold inquiry of who may *claim* an interest in the remaining proceeds. Ultimately, the circuit court will hold a hearing and "determine the relative priority and value of the interest of each claimant in the foreclosed property immediately before the foreclosure was effective" before issuing an order for payment of the remaining proceeds. MCL 211.78t(9).

Along those lines, the Emmet County Treasurer asks that we affirm the circuit court because Litzner did not present the necessary documents in support of her claim at the August 10, 2021 motion hearing. See MCL 211.78t(9) ("The burden of proof of a claimant's interest in any remaining proceeds for a claimant is on the claimant."). A review of the transcript, however, shows that the hearing simply did not proceed to the presentation of proofs. Rather, after hearing argument, the circuit court stayed the hearing so that DHHS could file a petition for probate proceedings. And then the court later issued an opinion and order denying Litzner's claim without holding a hearing. Accordingly, Litzner was not provided an opportunity to submit proofs in support of her claim, and we decline to affirm the circuit court on the alternative basis suggested by the Emmet County Treasurer.

Finally, we note that whether DHHS has a valid claim for Medicaid recovery against Bouford-Hiar's estate is beyond the scope of this appeal and therefore we need not address Litzner's argument that DHHS's claim is barred by laches. This issue, and any dispute that may arise regarding the interplay between the circuit court and probate proceedings, may be raised before and decided by the appropriate lower court in the first instance.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

-6-