ALLEN *v.* MERRILL.

1. TRUSTS—PERPETUITIES—SUSPENSION OF POWER OF ALIENATION.
   The holding of property by trustees under a will with power to convey and thereby cut off the equitable estates or interests of the designated beneficiaries, coupled with the duty, in case of sale, to bring the avails to the administration of the trust, suspends in law the power of alienation.

2. SAME—PERPETUITIES—TRUST NOT SUSPENDING POWER OF ALIENATION BEYOND TWO LIVES IN BEING VALID.
   The trust created by a will placing property in the hands of trustees and providing that, in case the widow elected to take under the statute, then the estate should be settled in five years after testator's death, by distribution, first, to his children then living, second, in case of death of any of his children, with issue, then to such issue by right of representation, and, if no issue, then to his surviving children, is valid and does not offend the statute against perpetuities (3 Comp. Laws 1915, § 11533).

3. SAME—WILLS—FAILURE OF TRUST.
   Where the will providing for the widow and creating a trust also provided for the distribution of the trust estate in case the widow elected to take under the statute rather than under the will, the claim that the election of the widow to so take disrupted the whole scheme of the trust, and that "the failure of an essential feature of an entire trust scheme destroys the whole," is without merit.

4. SAME—TRUST ESTATE NOT SUBJECT TO ATTACHMENT AND EXECUTION BY JUDGMENT CREDITORS OF A CESTUI QUE TRUST.
   In a suit by trustees to have the trust estate freed from the attachment and execution levied by judgment creditors on the interest of a *cestui que trust, held,* that the decree of the court below setting aside the attachment and execution levies was right.

5. SAME—VALIDITY OF JUDGMENT.
   In such suit the trustees are not concerned with the validity of the judgment rendered against the *cestui que trust.*

6. SAME—JUDGMENT CREDITORS OF CESTUI QUE TRUST MAY NOT
CALL TRUSTEES TO ACCOUNT.
Mere judgment creditors of one beneficiary of a trust
created by a will are in no position to call the trustees
to account or to invoke the law for the ending of the
trust and the vesting of the estate in the beneficiaries,
although the designated period of the trust has long
since expired and therefore the trust should be ended.
FELLOWS, SHARPE, and STEERE, JJ., dissenting.

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted January 26, 1923. (Docket No. 67.) De-
cided June 21,1923. Rehearing denied October 1, 1923.

Bill by Glenn S. Allen and Emmet L. Hollingsworth,
executors and trustees under the last will of Oscar
M. Allen, Sr., deceased, against Charles E. Merrill and
others, copartners as Merrill, Lynch & Company, and
others to remove a cloud from title to land.   From a
decree for plaintiffs, defendants appeal.   Affirmed.

*E. M. Irish,* for plaintiffs.

*Jackson, Fitzgerald & Dalm,* for defendants.

WIEST, C. J.   This is a bill, by executors of an es-
tate and trustees under a will, to remove a cloud from
their title, occasioned by attachment and execution
levies upon the interest of one beneficiary of the trust.

Oscar M. Allen died July 26, 1910, leaving a will,
nominating plaintiffs joint executors and trustees.
The will devised a life estate in the homestead to his
wife with reversion to his children, and bequeathed
household furniture and personal belongings to his
wife, devised the remainder of his property to the
executors in trust, with power to sell or mortgage
and invest the proceeds so as to get the best possible
income from the same and carry on his business, if
necessary, and to pay, out of the income, $1,000 to his
wife and to divide the balance, annually, share and

share alike, between his wife and his five children. The will also provided:

"In case of the death of any of my said children, the annuity that would go to such child if living, is to go to his or her children, if any, share and share alike, if there be more than one. If any of my children shall die without issue, the share that would go to such child if living, shall be equally divided among my surviving children, the issue of any deceased child to take the share their parent would have taken if living, share and share alike, if there be more than one.     *     *     *

"In case my said wife shall die before I do, or shall not accept the provision of this will, I, in that event, direct that my estate shall be settled in five years after my death and handled in all respects as in this will is provided for handling and dividing it after the death of my wife, with the same trust and power in the executors and trustees and the same legacies, devises and payments of annuities.     *     *     *

"The provisions in this will for my wife are to be in lieu of dower and of her statutory rights to personal property. In case my said wife shall elect to take her statutory rights under the laws of Michigan, in place of taking under this will, I direct that subject to her dower and statutory rights, my estate shall be managed and divided as is herein provided in case of her death, and that she take nothing by virtue of this will."

The will provided that, on the death of his wife, his children should take the homestead and the rights of the children in the *corpus* of the estate be determined as follows:

"In case any of my said children should not be living at the death of my wife, the share that would go to such child if living, shall go to his or her surviving children, share and share alike, if there be more than one. In case any of the children shall die before the death of their mother, then the share     *     *     *     that would go to such child if living, shall be divided

equally share and share alike among my surviving children, and the issue of any deceased child shall take the share the parent would have taken if living, share and share alike, if there be more than one."

This will was executed January 19, 1905, and a codicil thereto was executed February 1, 1910. The codicil is not material upon the questions involved.

At the time of his death the testator left surviving him Hannah Allen, his widow, Oscar M. Allen, Dee Allen, Glenn S. Allen, sons, Lillah B. Clement and Fannie M. Hollingsworth, daughters, and Ralph M. Allen and Duane Allen, grandsons. The widow died August 20, 1920. The daughter, Lillah B. Clement, died June 22, 1920. The son Oscar M. Allen died in the month of December, 1920, and the grandchildren, Ralph and Duane Allen, have been dead over two years.

The executors and trustees have been acting as such since their appointment by the probate court for the county of Kalamazoo on September 16, 1910. On May 12, 1911, the widow filed her election to take under the statute and not under the will. The real estate devised in trust is of the value of about $300,000. On May 27, 1921, the defendants Merrill, Lynch & Company, commenced a suit by attachment in the circuit court for the county of Kalamazoo against Dee Allen and the sheriff of Kalamazoo county attached the interest of Dee Allen in the real estate so held by the plaintiffs as trustees. This suit against Dee Allen was brought on a judgment rendered against him in the State of New York. The default of Dee Allen was entered in the attachment suit for want of appearance and a judgment rendered in favor of Merrill, Lynch & Company for the sum of $14,336.36, upon which judgment an execution was issued and levy made by the sheriff upon the trust property. At the time the bill herein was filed the sheriff was about

to proceed to a sale under such levy.    After the levy Dee Allen appeared specially in the suit and moved to set his default and the judgment aside and an order was entered, December 2, 1921, granting the motion on condition that he appear generally in the case and plead to the declaration therein and pay certain costs and attorney fees.    Dee Allen did not avail himself of such leave.    The bill of complaint herein was filed December 17, 1921, and the sale under execution enjoined.    Upon the final hearing the circuit judge entered a decree determining the execution levied upon the homestead property was valid and might proceed to a sale of Dee Allen's interest therein; that the attachment and the execution levied upon the real estate held by plaintiffs as executors and trustees be vacated, and enjoined sale under execution.    Dee Allen has not appealed.    Defendants Merrill, Lynch & Company and Curtis A. Pringle, under-sheriff of Kalamazoo county, and Jerome S. Borden have appealed.    Pringle and Borden have no interest in the suit as they acted only as officers in levying the attachment and execution.    In the bill plaintiffs also asked damages for slander of title arising out of the attachment proceedings, and attack the validity of the judgment against Dee Allen.

Defendants attack the validity of the trust created by the will, claiming the scheme thereof offends against the statute forbidding suspension of the power of alienation beyond two lives in being (3 Comp. Laws 1915, § 11533).

Under the will the trustees hold the legal estate, for they have power to convey and thereby cut off the equitable estates or interests of the designated beneficiaries.    Such holding by the trustees, coupled with the duty, in case of sale, to bring the avails to the administration of the trust, suspends in law the power of alienation.    And this brings us to the pivotal

question of whether this suspension goes beyond two lives in being.

If the widow elected to take under the statute, then the will directed the estate to be settled in five years after testator's death, by distribution, first, to his children then living (one life in being) ; second, in case of death of any of his children, with issue, then to such issue by right of representation (two lives in being), and if no issue, then to his surviving children. The distributees, so designated, were all in being at the death of testator. The trust was a valid one. It is also claimed that the whole scheme of the trust was disrupted by the election of the widow to take under the statute. The will answers this contention by its provisions in case of such event and prevents application of the rule that, "the failure of an essential feature of an entire trust scheme destroys the whole." The learned circuit judge was clearly right in setting aside the attachment and execution levies. *Feldman* v. *Preston*, 194 Mich. 352.

Plaintiffs, as executors and trustees, are not concerned with the validity of the judgment rendered against Dee Allen. They are not his guardians and can do no more than ask that the trust estate be freed from the attachment and the execution. Dee Allen, on his own application, had leave granted him to appear and defend in the case against him, and the executors must leave that feature of the matter to him to care for.

It is also contended that the designated period of the trust has long since expired and therefore the trust should be ended, the estate vested in the beneficiaries and the trustees discharged. With their levies under attachment and execution vacated the defendants, Merrill, Lynch & Company, stand as mere judgment creditors of one beneficiary of the trust and, as such, they are in no position to call the trustees to

account or to invoke the law for the ending of the trust and the vesting of the estate in the beneficiaries. If the trustees have not filed annual accounts, as provided by statute, the law opens the way to compel them to do so but it would be of no advantage to the defendants in this case to have such an order herein.

The claim made in the bill relative to slander of title was not pressed in the court below, and we leave the matter to such future action as plaintiffs may be advised to be open to them.

The decree entered in the circuit is affirmed, with costs to plaintiffs.

McDONALD, CLARK, BIRD, and MOORE, JJ., concurred with WIEST, C. J.

FELLOWS, J. (*dissenting*).    I am persuaded that the provisions of the will requiring that the estate be closed in five years after the death of the testator, in case the widow elected to take under the statute, fixed the duration of the trust, that it was not a directory provision and is not modified by any other clause of the will.    I am also persuaded that on the termination of the period fixed by the testator for the duration of the trust the legal estate joined with the equitable estate in Dee Allen and made the lands subject to levy at the suit of his creditors.    The trust in this case was an active one.    26 R. C. L. p. 1210 lays down the rule:

"On the termination of the period of time to which an active trust is limited by the terms of its creation, the trust ceases and the estate becomes vested in the parties entitled to it at that time, by operation of law and without a conveyance."

In *Miller* v. *Wright*, 109 N. Y. 194 (16 N. E. 205), one Miller had deeded to the plaintiff certain real estate in trust, the grantor to have the uses and benefits during his natural life, the residue to go to his

children. Pending proceedings for partition the grantor died and the question arose as to whether the trustee could make a valid sale after his death and as to whether the children were necessary parties. It was said by the court:

"It is not disputed that the trusts created by this deed were lawful, and that a legal title, commensurate with the trusts and for the purposes of the trusts, was vested in the trustee during the continuance thereof."

The court then proceeds to discuss the powers of the trustee under the deed and then says:

"Upon the death of Charles E. Miller, therefore, the trust terminated and the real estate vested as such in his children; and as that death occurred before judgment, in order that they might be found by the judgment, they should have been made parties to the action and their title could not be divested by a sale made in partition to which they were not parties. Indeed, the plaintiff, upon the death of his grantor, ceased to have any interest in the land, and the action could not well thereafter proceed in his name, but should have proceeded in the name of some person interested in the land."

In *McBrayer* v. *Cariker*, 64 Ala. 50, it was said:

"On the death of the mother, in any event, the estate of the trustee terminated. All the purposes of the trust were then accomplished, and every person entitled to take as a *cestui que trust* must then have been in being. An extension, or enlargement, of the estate of the trustee beyond the life of the mother, intercepting the vesting of a fee-simple, legal estate in the *cestui que trust*, would be without an object, and of detriment to them. The preservation of the legal estate, until they who were entitled to take as afterborn children could be ascertained, is the characteristic of the trust, distinguishing it, if it is distinguishable, from a naked, dry, or passive trust, which the statute divests and removes as an obstacle to the union in the *cestui que trust* of the legal and equitable

estate.    On the death of the mother, these are ascertained, and the estate of the trustee terminates from its very nature and purposes."

In *Kohtz* v. *Eldred,* 208 Ill. 60 (69 N. E. 900), Chief Justice Hand, speaking for the court, said:

"Where a testator by his will creates a trust and fixes the duration thereof, his direction will, if not in violation of the rule against perpetuities, be given effect and the trust will continue for the time indicated; but where a testator does not specifically indicate the time for which the trust is to continue, his intention must, if possible, be determined from the entire will."

In *Hersey* v. *Purington,* 96 Me. 166 (51 Atl. 865), it was said:

"The trust there created is an active trust.    The trustee is to apply all, or whatever is necessary, of the rents, profits, and income, and if need be the *corpus* of the estate, to the support and maintenance of the daughter.    This is not a mere naked power.    Active duties are imposed upon the trustee.    In order to carry out the purposes of the trust and apply the rents, profits, and income, it is necessary that she should have such legal control and management of the property as will enable her to receive them.    In such a case it is not necessary that there be any express devise to the trustee.    If the duties imposed upon the trustee be such that they cannot be discharged without a right to control the fee, the legal estate passes to him by implication.    *Deering* v. *Adams,* 37 Me. 264.    The trustee was to apply the rents, profits, and income to the support and education of the *cestui que trust.*    She therefore took a fee-simple in trust.    The legal estate vested in her, although the entire equitable and beneficial estate vested in the *cestui,* subject to being devested upon the happening of the contingency.    The trust so created terminated with the death of Marie J. Purington. Every purpose contemplated by it had then been fulfilled.    It is therefore unnecessary to determine whether the duty of administering the trust might

under other circumstances have devolved upon the administrator *de bonis non* with the will annexed. This trust had terminated by its own limitations before he was appointed."

In considering the question of the vesting of the legal title upon the termination of the trust where title has been conveyed to a trustee for the benefit of a married woman, it has been held in at least three States that upon the death of a husband the trust terminated and the title vested without conveyance upon the *feme* becoming discovert. *Temple* v. *Ferguson*, 110 Tenn. 84 (72 S. W. 455, 100 Am. St. Rep. 791) ; *Warland* v. *Colwell*, 10 R. I. 369; *Coughlin* v. *Seago*, 53 Ga. 250. See, also, *Westcott* v. *Edmunds*, 68 Pa. St. 34; *Parrott* v. *Dyer*, 105 Ga. 93 (31 S. E. 417).

Some of our own cases are, I think, applicable. In *Steevens* v. *Earles*, 25 Mich. 40, one Steevens, ancestor of plaintiffs in error, became bankrupt. No creditors proved their claims. The expenses of the proceedings were paid and the assignee in bankruptcy was discharged. The question presented was whether title to the property acquired by the assignee in bankruptcy as trustee vested in Steevens upon the termination of the trust without reconveyance, and it was held that it did.

In *Toms* v. *Williams*, 41 Mich. 552, 567, it was said by Chief Justice CAMPBELL, speaking for the court:

"There is nothing in the will which requires the trustees for any beneficial trust purpose to hold any estate beyond one for a term of years, and when this is so the general doctrine is clear—as well under the statutes referred to as at common law—that they take no greater absolute estate than is co-extensive with the trust."

And in *Quimby* v. *Uhl*, 130 Mich. 198, 211, it was said:

"When the creditors had been paid, the trust as to them was fully discharged. The purpose of the assignment had been accomplished. Mr. Ichabod L. Quimby was then entitled to his own. No retransfer of property was necessary to convey title to him. He could take possession of his own, and carry on the business in his own name."

Obviously the judgment creditor makes his levy upon the title as it is, burdened as it is with the debts of the testator, if any, the expenses of administering his estate, the provisions for the trust, the expenses of administering it and all legitimate charges against the property. Possibly equitable proceedings may be necessary to work out the equities of everyone, a question not necessary to decision. This bill was filed to remove the cloud of the levy. If Dee Allen at the time of the levy held the legal title to the premises levied upon, and I think he did, the levy should not be vacated even though that title was not an unincumbered one. For these reasons, I am constrained to dissent from that portion of the opinion of the Chief Justice dealing with this question. I agree with his conclusions on the other questions involved.

I think the bill should be dismissed, with costs to defendants.

SHARPE and STEERE, JJ., concurred with FELLOWS, J.