## *In re* ALLEN'S ESTATE.

**1. JUDGMENT—RES JUDICATA.**

In a petition by the special administrator of the estate of a son for an order of distribution of the estate of testator's father, the decision in a former case involving the same will (*Allen* v. *Merrill*, 223 Mich. 467), so far as applicable, is controlling.

**2. TRUSTS—ESTATE OF CESTUI QUE TRUST NOT SUBJECT TO ATTACHMENT.**

The estate of a *cestui que trust* is not subject to attachment or execution, nor may a judgment creditor call trustees or executors to account or compel a turning over of the property to the beneficiaries.

**3. WILLS—TRUSTS—BENEFICIARY INTERESTS PASSED BY WILL.**

Where the trust period as fixed in testator's will had expired before the will of a beneficiary thereunder took effect, the latter's interest as beneficiary was such that he could and did pass it by will devising all of his estate.

**4. TRUSTS—BENEFICIARIES ENTITLED TO POSSESSION OF PROPERTY AT END OF TRUST PERIOD—MAY PASS SAME BY WILL.**

Where the trust period fixed by will has expired, the beneficiaries thereunder are entitled to have the estate settled and to have full possession of their interests in gross, and therefore have the right to pass same by will (3 Comp. Laws 1915, § 11583).

**5. WILLS — PROBATED WILL IS INSTRUMENT OF TITLE — RELATES BACK TO DEATH OF TESTATOR.**

In a testate estate it is the will that gives title, and, when probated, it is an instrument of title, relating back to the death of the testator and taking effect as of that time.

**6. SAME—ASSIGNMENT TO BENEFICIARY AFTER HER DEATH RETROACTIVE—STATUTES.**

An order of the probate court, made after the death of

---

[1]Courts, 15 C. J. § 332 (Anno); [2]Attachment, 6 C. J. § 350; Executions, 23 C. J. § 84; Executors and Administrators, 24 C. J. § 2305; Trusts, 39 Cyc. p. 466; [3]Id., 39 Cyc. pp. 203, 235; Wills, 40 Cyc. pp. 1046, 1525; [4]Trusts, 39 Cyc. pp. 203, 235, 433, 465; Wills, 40 Cyc. p. 1046; [5]Id., 40 Cyc. pp. 1368, 1995; [6]Executors and Administrators, 24 C. J. § 1389.

a daughter, assigning to her, by name, real property given to her by the will of her father, is not open to criticism as not complying with 3 Comp. Laws 1915, § 13915, requiring assignment to be to "such persons as are by law entitled to the same," since, if such order had any effect with respect to transfer of title, it must be regarded as retroactive and relating back to the time of testator's death, and those who are ultimately to take said property will be determined by the probate court having jurisdiction of her will and estate.

7. APPEAL AND ERROR—WILLS—NOTICE—DISTRIBUTION OF ESTATE—HARMLESS IRREGULARITY.

Where the probate records show that the executors were present in court "personally and by counsel," at the hearing on petition for distribution of testator's estate, and therefore no prejudice could have resulted because personal service of notice of said hearing was not had on them, said irregularity must be *held*, harmless.

Error to Kalamazoo; Cross (Orien S.), J., presiding. Submitted June 9, 1927. (Docket No. 52.) Decided December 1, 1927.

Petition by the Michigan Trust Company, special administrator of the estate of Oscar M. Allen, Jr., and others for an order of distribution of the estate of Oscar M. Allen, Sr. There was an order of distribution in the probate court, and contestants appealed to the circuit court. Judgment for petitioners. Contestants bring error. Affirmed.

*E. M. Irish, Burritt Hamilton*, and *Jackson, Fitzgerald & Dalm*, for appellants.

*Harry C. Howard* and *Stuart E. Knappen*, for appellees.

CLARK, J. This case presents again the will of Oscar M. Allen, Sr., considered by this court in *Allen v. Merrill*, 223 Mich. 467. The facts there stated are adopted by reference. The Michigan Trust Company,

'Executors and Administrators, 24 C. J. § 1420 (Anno).·

as special administrator of the estate of Oscar M. Allen, Jr., deceased, Lucille D. Allen, personally, as widow of Oscar M. Allen, Jr., and as guardian of Oscar M. Allen, III, Marion S. Yocum, personally, and as administrator of the estate of Ralph M. Allen, deceased, and Robert L. Kennedy, as administrator of the estate of Duane W. Allen, deceased, filed petition in the cause in the probate court, praying, after proper averments of fact, that the executors:

"* * * be by the order of this court required forthwith to settle and distribute the said estate among petitioners and those other persons entitled thereto under the last will and testament of deceased. * * *

"That this court by its order determine the respective interests of petitioners and all others beneficially interested in said estate, and in the real estate therein, and make its order of distribution thereof and assigning the residue of the estate; and in the discretion of the court, order a partition thereof in accordance with the statutes in such case made and provided, or a sale of said real estate, or any portion thereof, for the purpose of division and distribution under said order.

"That respondents be compelled by order of this court to have their accounts as executors and trustees, either or both, as filed or to be filed, judicially settled and determined, and the liabilities of said respondents to said estate over and above the property shown by respondents to be on hand, determined and fixed, and respondents ordered to pay over the same."

The application was by proper and interested parties. Sections 13850, 13915, 13917, 3 Comp. Laws 1915. The debts and funeral expenses had been paid. The widow had elected to take under the statute. The duration of the trust was five years after the death of the testator, which occurred in 1910. The persons named as executors and trustees have continued as executors merely. The petitioners had decree in the probate court, and, on appeal to the circuit court, the decree was, in the main, affirmed. Madge Allen,

daughter of Oscar M. Allen, Jr., deceased, Glenn S. Allen, son of the testator, and the executors bring error.

The decision in *Allen* v. *Merrill, supra,* so far as applicable, is controlling here. It was there held, following *Feldman* v. *Preston,* 194 Mich. 352, that the estate of a *cestui que trust* is not subject to attachment or execution, and the majority opinion held that a judgment creditor could not call the trustees or executors to account or compel a turning over of the property to the beneficiaries. Both opinions are to the effect that, the widow having elected to take under the statute, the duration of the trust, as fixed by the testator, was five years after his death. That period having passed when the will of Oscar M. Allen, Jr., took effect, it is clear that his interest as beneficiary was of such a character that he could pass it by will. *Toms* v. *Williams,* 41 Mich. 552; 39 Cyc. p. 234.

Oscar M. Allen, Jr., father of appellant Madge Allen, was living at the death of the testator and he survived the period of five years so fixed as the duration of the trust. Later he died testate. The will of Oscar M. Allen, Jr., disposed of "all of his estate" (*In re Allen's Estate,* 230 Mich. 584), and the interest or estate in question under the will of Oscar M. Allen, Sr., was a part of it. 39 Cyc. p. 203.

It was also held that the real property which did not become a part of the trust estate was in the beneficiaries under the will.

It is urged that, to a considerable extent, at least, the trust here created was for the receipt of rents and profits of lands, and not a trust for the payment of a sum in gross, citing section 11583, 3 Comp. Laws 1915 (see, also, *Grand Rapids Trust Co.* v. *Herbst,* 220 Mich. 321), and that the trust property to that extent was not assignable, and therefore could not be passed by will. A sufficient answer is that the trust

period fixed by the testator, Oscar M. Allen, Sr., having expired, the beneficiaries were then entitled to have the estate settled and to have full possession of their interests in gross. The will of Oscar M. Allen, Jr., like other wills, speaks as of the date of his death. Madge Allen, therefore, has no interest in the estate of her grandfather, Oscar M. Allen, Sr.

Lillah B. Clement, daughter of the testator, survived him by nearly ten years. It follows from what has been said that the estate given her under and by the will of her father was likewise of a character to pass under her will.

The order of the probate court herein, made after the death of Lillah B. Clement, assigning to her, by name, real property given to her by the will of her father, is criticized, citing section 13915, 3 Comp. Laws 1915, which requires that an assignment shall be to "such persons as are by law entitled to the same." But the order is not like a deed to a dead man. It is different from a like order in intestate estates. In a testate estate it is the will that gives title. When probated it is an instrument of title, relating back to the death of the testator, and taking effect as of that time. 40 Cyc. p. 1368. And if such order had or could have any purpose or effect with respect to transfer of title, it, too, must be regarded as retroactive, and relating back to the time of testator's death. We quote from *Richards* v. *Pierce*, 44 Mich. 444:

"* * * and that for every valuable purpose touching the existence and transfer of title the probate was retroactive, and had the same effect as if it had been had at the time of the testator's death."

That being the rule, the order is not open to criticism. Those who are ultimately to take such estate of Lillah B. Clement will be determined in the probate court having jurisdiction and control of her will and estate.

The executors, by their counsel, moved to dismiss

the petition herein, above stated, for the reason that they, or at least one of them, had not had personal service of the notice of hearing thereon. The motion was denied. They answered and contested on the merits. The probate records recite that at the hearing the executors were present in court "personally and by counsel." There has been also a full hearing in the circuit court. If it were conceded (and it is not) that there was such irregularity, it must be held harmless. No prejudice is or could very well be shown in the circumstances. We must decline, as did the circuit court, to set aside the decree of the probate court for this reason. It is said in 21 C. J. p. 701, citing *Michigan Ins. Co.* v. *Whittemore*, 12 Mich. 427:

"Nor will a decree be opened, amended, or vacated for harmless and technical errors and irregularities."

No other question need be discussed.

Judgment affirmed.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, and McDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.