*In re* THEODORA NICKELS HERBERT TRUST

Docket No. 309863. Submitted June 11, 2013, at Detroit. Decided December 17, 2013, at 9:15 a.m.

Barbara Ann Williams petitioned the Washtenaw Circuit Court, Family Division, to name her the successor to William James Herbert's interest in the Theodora Nickels Herbert Trust in accordance with Herbert's will, which made her the sole recipient of his estate. Respondent, trustee Frederick A. Herbert, opposed the petition, arguing that William Herbert's interest could not be transferred by will because it was not part of his probate estate and because its transfer was prohibited by a spendthrift provision in the trust that restrained the transfer of the beneficiaries' interests. The court, Darlene A. O'Brien, agreed with petitioner and entered an order naming her the successor beneficiary. Respondent filed a motion for reconsideration, which the court denied. Respondent appealed.

The Court of Appeals *held*:

1. The court correctly concluded that William Herbert's interest in the trust passed to petitioner in accordance with his will. The trust agreement indicated that the trust would become inoperative or terminate if any of the settlor's children died before the trust estate or any part thereof was delivered over to him or her as provided in the trust, in which case the trustee would be required to deliver the share of property constituting the trust estate to the child's then living issue. This contingency did not occur because William Herbert had received a part of the trust estate in the form of income earned by the trust assets before his death. Further, because William Herbert's beneficial interest in the trust was reducible to a sum in gross, it was subject to disposition by will.

2. The trial court correctly concluded that the trust's spendthrift provision was not intended to preclude a beneficiary such as the decedent, who had a present interest in both the income and the principal of the trust, from making a testamentary disposition of his trust interest. Spendthrift provisions are intended to protect beneficiaries from their own improvident spending, and this purpose ends when the beneficiary dies.

Affirmed.

TRUSTS — SPENDTHRIFT PROVISIONS — DISPOSITION OF TRUST INTERESTS BY WILL.

> A trust provision that restrains the transfer of a trust beneficiary's interest does not preclude a trust beneficiary with a present interest in both the income and the principal of the trust from making a testamentary disposition of his or her interest in the trust.

*Fessler Law, PC* (by *Paul C. Fessler*), and *Fraser Legal, PC* (by *James W. Fraser*), for petitioner.

*Jacobs and Diemer, PC* (by *John P. Jacobs* and *Nathan S. Scherbarth*), for respondent.

Before: JANSEN, P.J., and CAVANAGH and MARKEY, JJ.

MARKEY, J. Respondent, Frederick A. Herbert, appeals by right the trial court's order naming petitioner, Barbara Ann Williams, the successor beneficiary to William James Herbert's interest in the Theodora Nickels Herbert Trust. We affirm.

Theodora Nickels Herbert created the trust for the benefit of herself and her three children. Upon her death, the trust became irrevocable and the trust estate was divided into equal shares for the benefit of her children—William James Herbert (William), Elizabeth Ellis Sherman, and respondent, the trustee. Article V, § 1 of the trust agreement provides that "[t]he Trustee shall distribute to each child the entire net income from his or her share at least annually." It is undisputed that the children received these income distributions.

The trust agreement also provides in Article V, § 1, in addition to an income distribution, that the trustee "shall distribute to each child all or any part of the principal of his or her share upon the request of such child in writing, except as provided in Section 2." Section 2 of Article V of the trust agreement provides that the property known as the Nickels Arcade shall

"not be withdrawn or distributed from the trust without the consent of a majority in interest of the beneficiaries then entitled to the income of the trust." Nevertheless, Article V, § 2 also provides a procedure for the valuation of a "selling beneficiary['s]" interest, through arbitration if necessary, and providing the other beneficiaries the opportunity to purchase the selling beneficiary's "pro rata share of the value," paying for it in "ten (10) equal annual installments with interest at the then prime rate . . . ." It is undisputed that the Nickels Arcade was the only property in the trust and that none of the beneficiaries ever sought to sell their interest in it.

William died on September 9, 2010. Shortly after his death, the petitioner commenced the present action, asserting that she succeeded to William's interest in the trust pursuant to his last will and testament, which named petitioner as the sole recipient of his estate. The trial court agreed and entered an order naming petitioner the successor to William's interest in the trust. Respondent now appeals.

We review the trial court's interpretation of the trust agreement de novo, as a question of law. *In re Reisman Estate*, 266 Mich App 522, 526; 702 NW2d 658 (2005). A court must ascertain and give effect to the settlor's intent when resolving a dispute concerning the meaning of a trust. *In re Kostin*, 278 Mich App 47, 53; 748 NW2d 583 (2008). The settlor's intent is determined "from the trust document itself, unless there is ambiguity." *Id.* If a trust document is ambiguous, a court "may consider the circumstances surrounding the creation of the document and the general rules of construction." *Id.*

The dispute in this case centers on Article V, § 3 of the trust agreement, which provides in relevant part:

In the event any of the Settlor's children do not survive her or die before the establishment of the separate trust estate for his or her benefit or before said trust estate or any part thereof is delivered over to him or her as herein provided, the trust for such child shall be inoperative or shall terminate, as the case may be, and in any such event, the share of the property then constituting the trust estate or being held by the Trustee for the benefit of such child shall descend and be delivered over to his or her then-living issue by right of representation.

Section 3 contains three contingencies under which the trust for the settlor's children will become inoperative: (1) in the event any of the settlor's children do not survive her, (2) in the event any of the settlor's children die before the establishment of the separate trust estate for his or her benefit, or (3) in the event any of the settlor's children die before said trust estate or any part thereof is delivered over to him or her as provided in the trust. If any of these contingencies occurs, the trust for that child becomes inoperative or terminates. The trustee must then deliver the share of property constituting the trust estate to the child's then living issue.

The parties do not dispute that neither of the first two contingencies applies: the decedent survived the settlor, and a trust estate was created for his benefit upon the settlor's death. The dispute centers on the third contingency, which is whether the decedent died "before said trust estate or any part thereof [was] delivered over to him" as provided under the terms of the trust. Petitioner argues, and the trial court agreed, that the trust estate included annual income distributions to the decedent. The trial court concluded that the third contingency did not occur; consequently, the decedent's interest passed according to his will. We agree.

The trust agreement provides that "[t]he Settlor has deposited with the Trustee certain property described

in Schedule A . . . . The said property, *together with any other property that may later become subject to this trust,* shall constitute the *trust estate* and shall be held, administered and distributed by the Trustee as provided herein." (Emphasis added.) Thus, the "trust estate" means the property described in Schedule A (which the parties agree includes the trust's interest in the Nickels Arcade, the trust's sole income-producing asset) and any other property that later becomes subject to the trust. It cannot be disputed that income earned by trust assets such as the Nickels Arcade, once received by the trustee, became "subject to" the trust and to distribution according to its terms. Consequently, the trial court did not err by concluding that income earned by the trust assets that became "subject to this trust" was part of the "trust estate." This interpretation of the trust implements its plain terms and is consistent with the current statutory definition of "estate" as being "the property of the . . . trust . . . as the property is originally constituted and as it exists throughout administration." MCL 700.1104(b).[1] It follows that the trial court also correctly determined that part of the trust estate was "delivered over" to William before he died in the form of annual income distributions as provided by Article V, § 1 of the trust agreement. Hence, the trial court correctly determined that none of the three contingencies in Article V, § 3 of the trust agreement precluded William from devising his vested interest in the trust to petitioner.

---

[1] This definition is similar to that in the former Revised Probate Code, MCL 700.1 *et seq.* " 'Estate' means the property of the decedent or other person whose affairs are subject to this act as the property is originally constituted and as it exists during administration." MCL 700.4(6), repealed by 1998 PA 386, effective April 1, 2000, enacting the Estates and Protected Individuals Code (EPIC). In general, EPIC governs all proceedings commenced after its effective date. *In re Temple Marital Trust*, 278 Mich App 122, 127-128; 748 NW2d 265 (2008).

The trial court also correctly ruled that no other provision of the trust precluded William from passing his beneficial interest in the trust by testamentary devise. "A vested beneficial interest in a trust may be devised by will." 34 Michigan Law & Practice 2d, Wills & Estate Admin, § 2, citing *In re Allen's Estate*, 240 Mich 661, 664; 216 NW 446 (1927). " 'A vested property interest is one that is capable of becoming possessory immediately upon the expiration of the preceding estate.' " *In re Bem Estate*, 247 Mich App 427, 447; 637 NW2d 506 (2001), quoting *Hubscher & Son, Inc v Storey*, 228 Mich App 478, 483; 578 NW2d 701 (1998); see also *In re Childress Trust*, 194 Mich App 319, 322; 486 NW2d 141 (1992). William clearly had a vested interest in both his pro rata share of income and a right to payment of the value of his pro rata share of the principal of the trust. Because William's beneficial interest in the trust was reducible to a "sum in gross," MCL 555.19,[2] it was subject to testamentary disposition. *In re Allen's Estate*, 240 Mich at 664-665.

Respondent's argument would have merit only if William's interest in the trust were that of a lifetime income beneficiary. See 34 Michigan Law & Practice 2d, Wills & Estate Admin, § 2, p 18, citing *Quarton v Barton*, 249 Mich 474, 480; 229 NW 465 (1930) (stating that a life estate with remainder in others cannot be disposed of "by will or by a deed operating as a testamentary disposition"). But William enjoyed both the right to an annual income distribution and also to the distribution of his share of the principal of the trust on written request, Article V, § 1, subject only to the right

---

[2] MCL 555.19 provides: "No person beneficially interested in a trust for the receipt of the rents and profits of lands, can assign or in any manner dispose of such interest; but the rights and interest of every person for whose benefit a trust for the payment of a sum in gross is created, are assignable."

of the other beneficiaries to exercise their right of first refusal to purchase William's interest in the Nickels Arcade. Indeed, the trust provides that the right to withdraw principal could be exercised by "any of the Settlor's children or the successors of any deceased child . . . ." Article V, § 2.

For the same reasons, respondent's argument that William could not devise his beneficial interest in the trust because the trust instrument does not grant him a power of appointment also fails. After his mother's death and the establishment of his separate one-third share of the trust corpus, William enjoyed the right to its income and the present right to the payment in gross of its value. Because William's interest was not a mere life estate, it was unnecessary that the trust instrument grant him a power of appointment. During his lifetime, William could have withdrawn the value of his share of the trust corpus or made a testamentary disposition of his interest, as he did.

Respondent's final contention—that the spendthrift provisions in the trust precluded William from making a testamentary disposition of his beneficial interest in the trust—also fails. Article VI of the trust is a spend-thrift provision, which provides:

> Neither the principal of the trusts created hereunder, nor the income resulting therefrom while in the hands of the Trustee, shall be subject to any conveyance, transfer, assignment or pledge as security for any debt of any beneficiary, and the same shall not be subject to any claims by any creditor of any beneficiary, through legal process or otherwise. It is the Settlor's intention to place the absolute title to the property held in trust and the income therefrom in the Trustee with power and authority to pay out the same only as authorized hereby. Except as herein provided, any attempted sale, anticipation, assignment or pledge of any of the funds or property held in trust or any part

thereof, or the income therefrom by the beneficiaries or any of them, shall be null and void, and shall not be recognized by the Trustee.

The first sentence of Article VI has no application to the facts of this case. There was no "conveyance, transfer, assignment or pledge as security for any debt" of the principal or income of the trust. Likewise, there is no creditor claim. "Creditor" means "[o]ne to whom a debt is owed; one who gives credit for money or goods." Black's Law Dictionary (9th ed). Petitioner is not a creditor; she is a "devisee," i.e., "a person designated in a will to receive a devise." MCL 700.1103(m). Consequently, the first sentence of Article VI is inapplicable.

The second sentence of Article VI also has no bearing on William's devise to petitioner of his interest in the trust. There is no claim that the trustee's legal title to the trust assets is affected, nor is there any assertion of a right to a distribution other than as authorized by the trust instrument. The only claim is that petitioner has succeeded to William's beneficial interest in the trust. This sentence of Article VI does not preclude William's devise to petitioner.

The last sentence is the heart of the spendthrift provision, precluding "any attempted sale, anticipation, assignment or pledge of any of the funds or property held in trust or any part thereof, or the income therefrom by the beneficiaries . . . ." Spendthrift provisions in trusts are lawful in Michigan. MCL 700.7502; *In re Edgar Estate*, 425 Mich 364, 366; 389 NW2d 696 (1986). A spendthrift provision in a trust "restrains both voluntary and involuntary transfer of the trust beneficiary's interest." MCL 700.7502(2). But respondent concedes that there is no Michigan authority holding that a spendthrift trust provision precludes a trust beneficiary with a present interest in both the income and the

principal of a trust from making a testamentary disposition of the beneficiary's interest in the trust. Rather, respondent relies on authority from other jurisdictions. In particular, respondent primarily relies on *Cowdery v Northern Trust Co*, 321 Ill App 243; 53 NE2d 43 (1944). Legal authority from other jurisdictions is not binding in Michigan, but we may review and rely on it if we find its reasoning persuasive. *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 494 n 5; 686 NW2d 770 (2004), overruled in part on other grounds *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4; 817 NW2d 562 (2012).

The trial court rejected respondent's argument regarding the spendthrift provision, reasoning:

> Trustee argues that the spendthrift provision found in Article VI prohibited assignment and creditors of a beneficiary could not receive any income or principal of the trust. It is not disputed that title to the trust property remains with the trustee. The purpose of the restraint on alienation that a spendthrift provision affords is to protect the beneficiary against his creditors; once the beneficiary dies, the need for this protection no longer exists.

We agree with the trial court's reasoning. The spendthrift provision was intended to protect beneficiaries from their improvident, spendthrift ways and from creditors that might thereby arise. Respondent does not argue that petitioner is a creditor, and as noted already, a devisee is by definition not a creditor. Any spendthrift ways of a beneficiary end, of course, at his death and so then does the purpose of the spendthrift provision with respect to the deceased beneficiary. Furthermore, the *Cowdery* court, quoting Scott on Trusts, § 158.1, opined that a lifetime income beneficiary of a spendthrift trust could make a testamentary disposition of accrued trust income:

"Even though it is provided by the terms of the trust or by statute that the interest of the beneficiary shall not be transferable by him or subject to the claims of his creditors, the beneficiary's interest in such accrued income passes on his death to his personal representatives, if it would so pass in the absence of such a restraint on alienation. *The purpose of the restraint on alienation is to protect the beneficiary, and when he dies he no longer needs such protection.* The purpose is not to deprive the beneficiary's estate of the income which was payable to him but which had not been paid at the time of his death. Whatever is thus received by the personal representatives is a part of his estate and is subject to the claims of his creditors. Unless the claims of creditors preclude it, *the beneficiary can dispose by will of his right to the income accruing up to the time of his death.*" [*Cowdery*, 321 Ill App at 262-263 (emphasis added).]

We hold that the spendthrift provision of the trust in this case was not intended to preclude a beneficiary such as William, who had a present interest in both the income and the principal of the trust, from making a testamentary disposition of his beneficial interest in the trust.

We affirm. We do not retain jurisdiction. Petitioner, as the prevailing party, may tax costs pursuant to MCR 7.219.

JANSEN, P.J., and CAVANAGH, J., concurred with MARKEY, J.