# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT A. DIEZ,

      Plaintiff/Counter-Defendant-
      Appellant,

v

MARIE-JESUSA CLOMA DAVEY,

      Defendant/Counter-Plaintiff-
      Appellee.

FOR PUBLICATION
October 23, 2014

No.   318910
Macomb Circuit Court
Family Division
LC No.   2010-002362-DC

Before:  HOEKSTRA, P.J., and WILDER and FORT HOOD, JJ.

Fort Hood, J. (*concurring in part and dissenting in part*).

I respectfully dissent from the majority's opinion regarding child support.  I concur in regard to the child custody and parenting time issues.  Accordingly, I would affirm the trial court decision in its entirety.

The majority decides two issues relating to child support.  The first issue relates to undistributed income from an S Corporation. The majority holds that undistributed earnings retained by an S Corporation cannot be included within the calculation of a parent's income under the Michigan Child Support Formula (MCSF) unless there is evidence of a reduction in distributions compared to historical practices.  In so holding, the majority overlooks other relevant factors that should be considered when considering undistributed income in an S Corporation and limits the purpose of the MCSF, which is not to protect business owners, but to determine the amount of income *available* for child support.  2013 MCSF 2.01(B).

I would adopt a case-by-case, fact-specific inquiry that is not limited to situations where there is evidence of reduction in distributions compared to historical practices.   Other jurisdictions have adopted similar approaches.  Recently, the Supreme Court of Connecticut held that, when determining the income of an S corporation's shareholder for child support purposes, a case-by-case, fact-specific inquiry must be undertaken to determine how much of an S corporation's retained earnings should be imputed to the shareholder. *Tuckman v Tuckman*, 308

-1-

Conn 194, 210; 61 A3d 449 (2013).[1] The *Tuckman* court found that this was necessary to balance the needs of the corporation to retain earnings for its ongoing operations against the concern that the corporation could be used to shield income in a child support dispute. *Id*. at 210-211.

The *Tuckman* court relied heavily on the Massachusetts Supreme Judicial Court's analysis in *JS v CC*, 454 Mass 652, 912 NE2d 933 (2009). *Tuckman*, 308 Conn at 210-212. In *JS*, the court first noted that the Massachusetts Child Support Guidelines applicable to the case included "income derived from business/partnerships." *JS*, 454 Mass at 661 (quotation marks and citation omitted).[2] The court agreed that a case-by-case, fact-specific inquiry was necessary. *Id*. at 662-663. To provide guidance, the court provided a non-exhaustive list of considerations. *Id*. at 663. First, the court directed lower courts to consider the amount of control the parent had over the corporation, noting that minority shareholders were less likely to have access to retained earnings, while majority shareholders, and to an even greater extent, sole shareholders, had the ability to access funds and manipulate income. *Id*. Second, the court directed lower courts to look at the legitimate business interests justifying the retention of earnings, but noting that "the business judgment rule cannot shield the shareholder from the factual inquiry" described. *Id*. at 663-664. Third, the court directed lower courts to "weigh affirmative evidence of an attempt to shield income by means of retained earnings." *Id*. at 664. Finally, the court considered the allocation of the burden of proof. *Id*.[3]

I agree with the analysis directed by *Tuckman* and *JS*. The MCSF requires that "earnings generated from a business" be included when determining a parent's gross income. 2013 MCSF 2.01(C)(2). The MCSF also directs courts to closely examine income from a corporation "to determine the extent to which [it was] historically passed on to the parent or used merely as a tax strategy[,]" indicating that not all of a corporation's earnings are to be considered income. 2013 MCSF 2.01(C)(2)(a). Thus, it would seem that the guidelines would not require that all of a corporation's earnings be imputed to a parent. However, I do not agree, as the majority holds, that an S Corporation should be treated the same as a corporation pursuant to the MCSF. Due to the unique tax treatment of S corporations, all of an S corporation's earnings are reported by the corporation's shareholders, even though some of these earnings are never actually disbursed. It is clear that, particularly where a parent is the sole owner of an S corporation, a parent has complete control to determine their own salary, when to take distributions, and how much money

---

[1] "Legal authority from other jurisdictions is not binding in Michigan, but [this Court] may review and rely on it if [it] find[s] its reasoning persuasive." *In re Estate of Herbert Trust,* 303 Mich App 456, 464; 844 NW2d 163 (2013).

[2] While not identical, this definition closely resembles the MCSF's definition of income, which includes "earnings generated from a business . . . ." 2013 MCSF 2.01(C)(2).

[3] Other jurisdictions have reached similar conclusions regarding the treatment of undistributed income of an S Corporation. See, e.g., *Hubbard Co Health and Human Servs v Zacher*, 742 NW2d 223, 227 (Minn App 2007); *Walker v Grow*, 170 Md App 255, 281; 907 A2d 255 (2006); *Taylor v Fezell*, 158 SW3d 352 (Tenn 2005).

-2-

to leave in the corporation. To ignore this fact would allow a sole shareholder, such as plaintiff, to determine his own income for child support purposes, and avoid the MCSF's inclusion of "earnings generated from a business" entirely. 2013 MCSF 2.01(C)(2). Thus, a case-by-case, factual inquiry is required to determine what portion of an S corporation's profits are necessary to fund the corporation, and what portion may be considered income under the MCSF. See *Tuckman*, 308 Conn at 210; *JS*, 454 Mass at 662-633. This analysis would also comport with the MCSF's direction to trial courts "to identify any additional monies a parent has available for support that were not included as personal income." 2013 MCSF 2.01(E)(2). Further, I would place the burden of demonstrating that earnings are necessarily retained in the corporation on plaintiff in this case.

It is my opinion that, in this case, the trial court undertook the type of analysis discussed in *Tuckman* and *JS*, and I would affirm. The second issue addressed by the majority is whether the trial court erred by including within the calculation of plaintiff's income funds distributed to plaintiff for payment of taxes arising from SGC's corporate earnings. Plaintiff stipulated to the inclusion of these funds in the calculation of his income, and, thus, I would hold that plaintiff is precluded from raising this argument. See *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008).

For the reasons stated, I would affirm the trial court's orders in full.


/s/ Karen M. Fort Hood