# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TRELEW TRUST.

| | |
|---|---|
| ANILA PARVATANENI and COMERICA BANK, Trustees of the TRELEW TRUST, | UNPUBLISHED<br>April 11, 2017 |
| Appellees, | |
| v | No. 331299<br>Washtenaw Probate Court |
| GAUTAMI VEERAGANDHAM-ANNE, | LC No. 15-000472-TT |
| Appellant. | |

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Respondent, Gautami Veeragandham-Anne, appeals as of right the probate court's order construing a trust and granting a declaration of rights consistent with the petition filed by petitioner, Anila Parvataneni. We affirm.

When Sreeram Veeragandham died in 2015, he was survived by petitioner (his wife), respondent (his sister), and, apparently, his niece Samyukta as well as his parents, Kameswara Rao Veeragandham and Indira Veeragandham. Sreeram and petitioner did not have any children.

Before his death, Sreeram had executed a trust on December 5, 2000, entitled the "Trelew Trust Agreement." On August 14, 2008, Sreeram executed a first amendment to the Trelew Trust. In this amendment, Sreeram revoked the December 5, 2000 trust agreement and fully restated the trust agreement. It is the Trelew Trust as amended on August 14, 2008, that is at issue in the instant appeal and which we will reference as "the Trust."

The dispute in this case involves the meaning of the term "then beneficiary" in the Trust. This term defines the party or parties who are entitled to vote on the removal of a trustee and the appointment of a successor trustee.

With the exception of the dispute over this term, the parties do not appear to disagree about the basic terms of the Trust, which can be summarized as follows. According to the terms

of the Trust, because petitioner survived Sreeram, two separate trusts were created upon Sreeram's death: a "Family Trust" and a "Marital Trust." After setting aside the prescribed amount for the Family Trust, the remainder of the estate was to be put into the Marital Trust. The Trust instructs the trustee to pay the income from the Marital Trust to petitioner during her lifetime. The Trust also authorizes the trustee to invade the Marital Trust principal if, in the opinion of the trustee, the income from the Marital Trust and other sources known to the trustee is insufficient to support and maintain petitioner in "her accustomed standard of living" or if doing so is necessary to meet an emergency. The Trust further provides that the trustee is authorized to distribute as much of the income and principal of the Family Trust to petitioner as the trustee deems necessary or advisable for petitioner's "support, maintenance, health, comfort, education, enjoyment, and general welfare" but that "[i]t is settler's desire that no such distribution be made to [petitioner], until the corpus of the Marital Trust has been substantially exhausted." The Trust also provides that upon the death of petitioner, the remaining Marital Trust principal will be added to the Family Trust. Finally, the Trust provides that if there are no surviving issue of Sreeram, as is the case here, then the balance of the trust shall be paid to Kameswara, Indira, respondent, and Samyukta, in the following proportions: 50% in equal shares to Kameswara and Indira, 25% to respondent, and 25% to be held in trust for Samyukta. The Trust further provides that if neither Kameswara nor Indira are then living, then their gift will lapse. Additionally, if respondent is not then living, then her gift will lapse as well. The Trust provides for Samyukta's gift to pass to her living descendants if she is not then living.

The provisions of the Trust at issue in this case involve the procedures for removing and appointing trustees. Paragraph SECOND.A.2. of the Trust provides in relevant part:

> **The then beneficiaries of this trust**, acting by majority vote if there is more than one vote cast, each such beneficiary being entitled to one vote, such vote to be cast by written ballot signed by such beneficiary, and, for these purposes, if a beneficiary is then under any legal disability (as a minor or otherwise), his or her parent (but in no case shall it be settlor), spouse, or legally appointed guardian (in that order of preference), shall have the power at any time to remove the then trustee, other than settler while acting as trustee . . . . [Emphasis added.]

Paragraph SECOND.B.2. of the Trust provides in relevant part:

> **The selection and appointment of each successor trustee shall be made by the then beneficiary or beneficiaries of this trust**, acting by majority vote if there be more than one, each such beneficiary being entitled to one vote, such vote to be cast by written ballot signed by such beneficiary, and, for these purposes, if a beneficiary is then under any legal disability (minor or otherwise) his or her parent, spouse, or legally appointed guardian (in that order of preference), but in no event settler, shall take such action in his or her place and stead. [Emphasis added.]

On appeal, respondent argues that the probate court erred by concluding that the term "then beneficiary" meant "the then person receiving money" and that petitioner was therefore the only "then beneficiary" and the only person currently entitled to vote on the removal and

selection of trustees. Respondent argues that she is also currently a beneficiary and should be entitled under the Trust to vote on trustee removal and selection.

"[T]his Court reviews de novo the language used in wills and trusts as a question of law." *In re Estate of Reisman*, 266 Mich App 522, 526; 702 NW2d 658 (2005).

Respondent first contends that she is a "presently-vested remainder beneficiary" of the Trust and that the probate court erred by labeling respondent as a "contingent beneficiary." While we agree with respondent that she has a vested interest in the Trust, despite the fact that her interest will become possessory only upon petitioners death, see *In re Childress Trust*, 194 Mich App at 323-324, the sole issue in this case is whether respondent has a right under the Trust to vote on the removal and appointment of a trustee. To have such a right under the Trust, respondent must be a "then beneficiary" as the term is used in that document. Because respondent also admits that whether she is a vested or contingent beneficiary "has no bearing on the interpretation of 'then beneficiary,' " we refuse to disturb the probate court's order on this ground. MCR 2.613(A).

On the dispositive issue in this case, respondent essentially argues that, because she is currently a beneficiary of the trust and was a beneficiary at the time of Sreeram's death, she is a "then beneficiary" who is entitled to vote on the removal and appointment of trustees. We disagree.

"In resolving a dispute concerning the meaning of a trust, a court's sole objective is to ascertain and give effect to the intent of the settlor." *In re Kostin*, 278 Mich App 47, 53; 748 NW2d 583 (2008). "The intent of the settlor is to be carried out as nearly as possible." *Id.* "The settlor's intent is determined from the trust document itself, unless there is ambiguity." *In re Herbert Trust*, 303 Mich App 456, 458; 844 NW2d 163 (2013). "If a trust document is ambiguous, a court may consider the circumstances surrounding the creation of the document and the general rules of construction." *Id.* (internal quotation marks and citation omitted). "The fact that litigants disagree regarding the meaning of a trust, however, does not mean that it is ambiguous." *Brown Trust v Garcia*, 312 Mich App 684, 693; 880 NW2d 269 (2015).

"A court may not construe a clear and unambiguous will in such a way as to rewrite it," *In re Estate of Reisman*, 266 Mich App at 527 (internal quotation marks and citation omitted), and "this Court must attempt to construe the instrument so that each word has meaning." *In re Kostin*, 278 Mich App at 53. "A court must also read a trust as a whole, harmonizing its terms with the intent expressed, if possible." *Brown Trust*, 312 Mich App at 694.

"[T]he settlor's intent regarding the purpose of the trust's creation and its operation, are determined by examining the trust instrument." *In re Kostin*, 278 Mich App at 53. Nonetheless, when a trust has been prepared by a skilled draftsmen, such as is the case here, this Court must construe technical terms in that document consistent with their "technical meaning." *In re Butterfield's Estate*, 405 Mich 702, 714-715; 275 NW2d 262 (1979) (internal quotation notation and citation omitted). "[T]o the extent that either a statute or established rule of decision attributes a certain meaning to particular words, that meaning must be accepted." *Id.* at 715 (internal quotation notation and citation omitted).

Here, respondent argues that this Court should construe "then beneficiary" as having a meaning similar to "trust beneficiary" and "qualified trust beneficiary" under the Michigan Trust Code (MTC)—both of which, in this context, are broad enough to cover any person with a beneficial interest, vested or contingent, in the trust. The parties, however, do not dispute the fact that respondent is *a* beneficiary of the Trust. The question is whether respondent is a *then* beneficiary. The definitions of trust beneficiary and qualified trust beneficiary referenced above inform the understanding of "beneficiary" but they do not answer the question of how "then" modifies "beneficiary" in the Trust or how the word "then" should be given meaning within the context of the Trust.

Here, if "then beneficiary" is understood to mean "all beneficiaries," whether their interests are possessory or not and whether their interests are vested or contingent, which is the construction that respondent proposes, then the word "then" would have no meaning. Such a construction is exactly the same as if the Trust had simply used the term "beneficiaries" because the definition of that word by itself is broad enough to include all classes of beneficiaries. There would never be a time after Sreeram's death when all of the beneficiaries were not "then beneficiaries." The word "then" would be superfluous.

MCL 700.8201(2)(c) provides that one of the underlying purposes and policies of the MTC is to "foster certainty in the law so that settlors of trusts will have confidence that their instructions will be carried out *as expressed in the terms of the trust*." (Emphasis added). We must construe the Trust so that each word has meaning. *In re Kostin*, 278 Mich App at 53. Thus, the word "then" must serve the purpose of creating some distinction between classes of beneficiaries, distinguishing between those beneficiaries who are "then beneficiaries" and those beneficiaries who are *not* "then beneficiaries."

Looking to common understanding, the word "then" has been defined to mean "existing or acting at or belonging to the time mentioned" and "at that time." *Merriam-Webster's Collegiate Dictionary*, *Eleventh Edition* (2014). Because the word "then" deals with time, the Trust's distinction must also be based on time. By the terms of the Trust, beneficiaries are essentially treated one of two ways at any given time. At any particular time, some beneficiaries are eligible to receive distributions of income and principal, and some beneficiaries are not. The word "then" makes a natural distinction between these classes, with the "then beneficiaries" being those beneficiaries who may receive income and principal distributions *at that time*, as distinguished from the rest of the beneficiaries who are *not* eligible to receive such distributions *at that time*.

So, plainly construed, the word "then" distinguishes between two, and only two, classes of beneficiaries—those who are currently receiving trust distributions and those who are not. Because respondent is not currently eligible to receive such distributions, she is not a "then

beneficiary" and is therefore not currently eligible to vote for the removal and appointment of a trustee.[1]

Affirmed.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle

---

[1] Because the Trust may be interpreted solely by reference to the language in the document, the Trust is not ambiguous and there is no reason for us to consider, as petitioner urges us to do, evidence of the drafting attorney's understanding of the language at issue. *In re Herbert Trust*, 303 Mich App at 458; *In re Burruss Estate*, 152 Mich App 660, 667-668; 394 NW2d 466 (1986).