*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* RHEA BRODY TRUST.

---

CATHY DEUTCHMAN,

        Petitioner-Appellee,

v

ROBERT BRODY, JAY BRODY, and RHEA BRODY, by Guardian Ad Litem, MICHAEL BARTON,

        Respondents,

and

GERALD BRODY,

        Respondent-Appellant,

and

MARY M. LYNEIS, Trustee of the RHEA BRODY TRUST,

        Appellee.

UNPUBLISHED
July 20, 2023

No. 362214
Oakland Probate Court
LC No. 2015-361379-TV

---

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

In this case involving the interpretation of a trust, appellant, Gerald Brody, challenges the probate court's order granting summary disposition under MCR 2.116(C)(8) to appellee, Cathy Deutchman. Gerald also appeals the probate court's denial of his motion to amend his petition. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Rhea Brody has three children, Jay Brody, Cathy, and Gerald, all of whom were considered in her estate planning. Rhea's estate includes a revocable living trust, which originally named all three children as equal beneficiaries. In 2009, Rhea "disinherited" Gerald from the trust and he was removed as a beneficiary. At some point in 2010, Rhea developed dementia and was declared incompetent. The trust was never modified to reinstate Gerald's inheritance rights.

Gerald did not participate in this case until he filed a petition in April 2022 to have himself reinstated as a beneficiary of Rhea's trust. He offered testimony from certain family members, and the current trustee, to show that Rhea had removed him from her trust because he had filed for bankruptcy, and that she had intended to reinstate him after the bankruptcy proceedings had concluded. However, Cathy and her husband had testified in earlier proceedings that, although Rhea did want her three children to benefit equally from her estate plan, by the time Rhea excluded Gerald from her trust, Gerald had received his share by way of generous financial support for various investment pursuits. They also testified that Gerald's relations with the rest of the family deteriorated when he filed for bankruptcy.

Cathy moved the probate court for summary disposition of the petition, and the probate court granted the motion because the facts as Gerald pleaded them did not present grounds for amending or reforming the petition. Gerald then moved the court for reconsideration, or for leave to amend his petition, which the probate court denied. This appeal followed.

## II. STANDARD OF REVIEW

A court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A review of a motion for summary disposition under MCR 2.116(C)(8) requires this Court to examine "the legal sufficiency of the complaint." *Id*. at 119. We construe all factual allegations as true and consider them in a light most favorable to the nonmoving party. *Id*. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings." *Id*. at 119-120 (quotation marks and citation omitted).

Similarly, we review de novo the probate court's interpretation of the trust document. *In re Estate of Herbert Trust*, 303 Mich App 456, 458; 844 NW2d 163 (2013). This Court "must ascertain and give effect to the settlor's intent when resolving a dispute concerning the meaning of a trust." *Id*. "The settlor's intent is determined from the trust document itself, unless there is ambiguity. If a trust document is ambiguous, a court may consider the circumstances surrounding the creation of the document and the general rules of construction." *Id*. (quotation marks and citation omitted).

We also review de novo the interpretation of a statute. *In re Estate of Huntington*, 339 Mich App 8, 17; 981 NW2d 72 (2021).

> Statutory interpretation begins with the plain language of the statute. We read the statutory language in context and as a whole, considering the plain and ordinary meaning of every word. When the language is clear and unambiguous, we

will apply the statute as written and judicial construction is not permitted. [*Id.* (citation omitted).]

Finally, a trial court's decision to grant or deny leave to amend a pleading is reviewed for an abuse of discretion. *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*

## III. LAW AND ANALYSIS

On appeal, Gerald argues that the probate court erroneously granted Cathy's motion for summary disposition, and, alternatively, that the court erroneously denied his motion for leave to amend his petition. We disagree.

At issue in this case is the application of MCL 700.7415, which provides as follows:

> The court may reform the terms of a trust, even if unambiguous, to conform the terms to the settlor's intention if it is proved by clear and convincing evidence that both the settlor's intent and the terms of the trust were affected by a mistake of fact or law, whether in expression or inducement.

"[M]istakes of law are divided into two classes: mistakes regarding the legal effect of the contract actually made and mistakes in reducing the instrument to writing." *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 379-380; 761 NW2d 353 (2008). This case involves the first class—mistakes of the legal effect of the contract actually made.

Article Two of the subject trust lists Rhea's immediate family members, and specifically states the intention to not provide a distribution to Gerald as follows:

> However, it is the Grantor's intention to make no provisions under this Trust Agreement for GERALD ORLEY BRODY and his descendants. Therefore, for all purposes of interpreting this Trust Agreement, GERALD ORLEY BRODY shall be deemed to have predeceased the Grantor without being survived by any descendants.

Rhea added the following:

> A. Disinheritance of GERALD ORLEY BRODY.
>
> The Grantor acknowledges the existence of the Grantor's child, GERALD ORLEY BRODY, and has intentionally, and with full knowledge, chosen not to provide for GERALD ORLEY BRODY or the issue of GERALD ORLEY BRODY. Therefore, for all purposes of interpreting this Trust Agreement, GERALD ORLEY BRODY, shall be deemed to have predeceased the Grantor without being survived by any descendants.

Rhea further added that "[a]ll trust property not previously distributed under the terms of the trust shall be divided into separate trusts" with halves going respectively to Jay and Cathy, and none to Gerald.

According to Gerald, at the time Rhea revised the trust, she believed that Gerald's creditors could invade the trust assets during his bankruptcy proceedings. Gerald states, without any supporting authority, that this belief was mistaken and his creditors were unable to access the trust's assets. Gerald believes that Rhea's incompetency interrupted restoration of his inheritance rights and the probate court should have ordered his rights restored.

Gerald's assertions are incorrect. The question is not whether Rhea was mistaken about the legal rights of parties in a completely separate bankruptcy proceeding. Rather, the question is whether Rhea was mistaken about the legal effect of the trust document itself. MCL 700.7415. On that point, Gerald agrees that Rhea's purpose in revising the trust document was to disinherit him. That is exactly what the revised trust accomplished. Because there was no mistake as to the legal effect of the revised trust, there was no basis for the probate court to look beyond the four corners of the document to determine Rhea's intent. Thus, the probate court did not err in granting Cathy's motion for summary disposition.

Gerald alternatively argues that the probate court should have granted his request for leave to amend his petition. The probate court denied Gerald's request on the ground that amendment would be "futile." MCR 2.116(I)(5) provides that, "[i]f the grounds asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Motions to amend should ordinarily be granted, and should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in the pleadings, undue prejudice to the opposing party, and futility. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 401; 729 NW2d 277 (2006); see also *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52-53; 684 NW2d 320 (2004).

Gerald contends that the probate court should have allowed amendment of his petition "in order to more clearly allege that the [trust] document did not reflect Rhea's true intent at the time she signed it." Gerald thus wished to underscore his argument that Rhea's intent was to reinstate him into her trust upon the completion of his bankruptcy proceedings. However, the probate court considered extensive arguments and offers of evidence that Rhea had planned to reinstate Gerald at a later date, and properly declined to speculate as to when, exactly, she intended to do so. Again, the probate court correctly concluded that, aside from disagreements over her specific reasons for doing so, there was no dispute that Rhea intended to exclude Gerald from her trust when the amendment was made. The court stated that it accepted Gerald's allegations as true, but that presenting evidence of what he thought Rhea might do in the future was not a basis for reforming or modifying the trust.

Accordingly, we agree with the probate court that it was futile to allow Gerald to amend the petition solely to add repetitive information that speculated about Rhea's thought process at the time she amended her trust.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien